UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NAWA USA, Inc., ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No. 06-1150 (RMC) |
| HANS-GEORG BOTTLER, et al., ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff NAWA USA, Inc. is a corporation that researches, develops, manufactures, markets, and distributes medical devices, drugs, and cosmetics. Plaintiff brought this suit in diversity alleging that Defendants misappropriated Plaintiff's funds, property, and intellectual property for the use of a German company, NAWA Vertriebs-GMBH (the "Corporate Defendant"). Named as Defendants are the Corporate Defendant as well as the following five Individual Defendants, all foreign residents: Dr. Hans-Georg Bottler, Mr. Ferdy Egli, Mr. Bernd Stern, Mr. Peter Kanzlesperger, and Mr. Alexander Gruter.[1] Dr. Bottler and Messrs. Egli, Stern, and Kanzlesperger are former directors of Plaintiff, and Mr. Gruter is an attorney who allegedly assisted them in the alleged unlawful conduct described in the Complaint. The Complaint alleges seven counts:

---

[1] All of the Individual Defendants are residents of Germany, with the exception of Mr. Egli who is a resident of Switzerland. Plaintiff is a corporation organized under the laws of Delaware, with its principal place of business in the District of Columbia.

        Count I – Breach of Employment Contract;

        Count II – Fraud and Deceit;

        Count III – Theft and Conversion;

        Count IV – Unfair Competition;

        Count V – Breach of Fiduciary Duty;

        Count VI – Injunctive and Declaratory Relief; and

        Count VII – Accounting.

All of the Defendants have proceeded pro se and have filed separate, identical motions to dismiss.[2] As explained below, the Court will strike the Corporate Defendant's motion to dismiss and will deny the Individual Defendants' motions to dismiss without prejudice.

        The Corporate Defendant has attempted to proceed pro se in this action. The statute that allows parties to proceed pro se, 28 U.S.C. § 1654, does not allow corporations to appear in federal court pro se. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). A corporation can appear only through a licensed attorney. *Id*. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Id*. at 201-02; *see also Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006) (corporation cannot appear pro se or in forma pauperis). Accordingly, the motion to dismiss filed pro se by the Corporate Defendant shall be stricken from the docket.

        The motions to dismiss filed by the Individual Defendants assert various grounds for

---

[2] The only Defendants that have been served are Dr. Bottler [Dkt. # 6], Mr. Egli [Dkt. # 5], and Mr. Gruter [Dkt. # 7].

dismissal in a most conclusory fashion.[3] They do not include a "statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of the facts" as required by Local Civil Rule 7(a). Without a statement of the specific points of law and authority that support the motion, it is impossible for the Court to determine, for example, whether personal jurisdiction exists under D.C. Code Ann. § 13-422 (jurisdiction over person maintaining a principal place of business in the District of Columbia) or § 13-423 (long-arm jurisdiction). For this reason, the Individual Defendants' motions to dismiss will be denied without prejudice.

For the reasons stated above, it is hereby

**ORDERED** that the motion to dismiss filed by NAWA Vertriebs-GMBH [Dkt. # 9] is **STRICKEN**; and it is

**FURTHER ORDERED** that the motions to dismiss filed by the Individual Defendants [Dkt. ## 10, 11, 12, 13, & 14] are **DENIED without prejudice.**

**SO ORDERED.**


Date:   February 26, 2007                    _____/s/_____
                                             ROSEMARY M. COLLYER
                                             United States District Judge

---

[3] The motions allege the following grounds for dismissal: failure to state a claim; improper service; lack of subject matter and personal jurisdiction; statute of limitations; and res judicata or collateral estoppel based on unidentified lawsuits that took place in German courts.