IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAWA USA, INC., <br>    a Delaware Corporation <br><br>       Plaintiff <br><br>    v. <br><br> DR. HANS-GEORG BOTTLER, <u>et. al.</u> <br><br>       Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 06-1150 (RMC)<br>)<br>) Judge Collyer<br>)<br>) |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF
THIS COURT'S MINUTE ENTRY ORDER OF JUNE 20, 2007,
DISMISSING PLAINTIFF'S COMPLAINT AGAINST INDIVIDUAL DEFENDANTS
DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN,
PETER KANZLSPERGER, AND ALEXANDER GRUTER, PLAINTIFF'S AND
ENTRY OF A DEFALT JUDGMENT AGAINST THE CORPORATE DEFENDANT

Plaintiff, NAWA USA, INC., by and through its attorney, STEPHEN A. WEITZMAN, hereby submits its Memorandum of Points and Authorities in support of its Motion for Reconsideration of this Court's Minute Entry Order of June 20, 2007, dismissing Plaintiff's Complaint against Defendants DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER. In support of its position on all of the matters set forth above, Plaintiff, NAWA USA, INC., states as follows:

**FACTS**

1    Plaintiff's failure to respond in a timely manner to this Court's Order of May 4, 2007, ordering it to respond to the Motion of the five individual Defendants to Dismiss Plaintiff's Complaint no later than June 4, 2007, is entirely the result of the unintentional failure of undersigned counsel to become aware of the Court's May 4, 2007, Order until June 20, 2007.

Counsel is not certain as to the reasons why he did see or receive notice of the Court's May 4, 2007, Order.  Counsel had received the "Reply" of the Defendants and assumed that this was the Answer to the Complaint on the merits.  When defendants' made a motion to dismiss they said so. The "reply" was a twenty two page reply plus over 180 pages of exhibits, mostly in German.  The exhibits were sent to NAWA's president for translation.  Counsel also was preparing a motion for default judgment against the corporation since its answer was not submitted by an attorney as required by law. We were also trying to amass the necessary papers to support a damage award against the defaulting corporation. The answer also went to matters already decided by the Court as to the first motion to dismiss and also went to the merits of the case. Counsel also began an e-mail dialog with Mr. Gruter shortly after getting the numerous exhibits by mail to reach a settlement of the entire matter.

     2     As to the e-mail of the Court's Order it may have been deleted as spam. Further Counsel has been accessing e-mail around this time from California where Counsel is administering the estate of his son who died December 30, 2006.  Instead of getting email on the office computer where the email program makes it easy to spot emails from the Court, the email system on the ISP of EarthLink makes it easy to miss and delete emails and may have identified it as spam. Counsel did not miss the latest Court order.

     3     The discovery of the May e-mail occurred when counsel was reviewing the case docket on Pacer and immediately called the courts clerks. Counsel then began to prepare this motion but had to go to California on his son's complicated estate matters.

     4     The Court's order deeming the "reply" a second motion to dismiss was therefore a most unexpected surprise.

5	Counsel wishes to assure the Court that such a circumstance will not be repeated again in as much as undersigned counsel will now check the PACER system with respect to the instant litigation on at least a weekly basis.

6	According Plaintiff requests the Court to set aside the dismissal of the Complaint against the individuals.

## POINTS AND AUTHORITIES

7	This matter is governed by FRCP Rule 55 and in part by FRCP Rule 60. The criteria for review under both rules for setting aside a default are:

a) whether the default was willful,

b) whether set-aside would prejudice plaintiff, and

c) whether the alleged matter was meritorious.

[BITON, et al., Plaintiffs, v. The PALESTINIAN INTERIM SELF GOVERNMENT AUTHORITY, et al.233 F.Supp.2d 31, (DDC 2002); citing Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C.Cir.1980); see also Baade v. Price, 175 F.R.D. 403, 405-406 (D.D.C.1997) (citing Jackson, 636 F.2d at 836).]

As stated by the Court:

"In assessing the factual circumstances asserted by the parties, "all doubts are resolved in favor of the party seeking relief." Jackson, 636 F.2d at 836 (citation omitted)."

8	As shown by the stated facts above the failure to comply with the order was not willful.

9	The second factor is whether setting aside dismissal would prejudice the individual Defendants. It will not. The Defendants are persons of means who have decided (and it is their privilege) to act pro se. Mr. Gruter is a defendant here because he was defendants'

counsel who according to the Complaint s participated in and counseled the individuals on their tortious action against Plaintiff.  He has indirectly been acting as unauthorized legal counsel in this matter, in effect practicing law here in the United States without a license.  It is he who obviously has been preparing documents on behalf of his "clients," the other individual defendants and the Corporation.

10	The prejudice to plaintiff in this case is obvious.  The cause of the problem here is the refusal of the individuals to hire proper U.S. counsel so the matter can be joined and go to mediation and disposition.

11	 This case is procedurally in its early stages.

12	As to the third criteria, whether the alleged matter was meritorious, the Complaint speaks for itself as well as the Defendants verbose response.  The question is not whether there is the likelihood of success but whether causes of action have been sufficiently pleaded.

## **CONCLUSION AND REQUESTS**

13	Because this case should be resolved on the merits and the circumstances do not support allowing the entry of the dismissal and Plaintiff's motion to set aside dismissal Should be granted.

14	Further Plaintiff requests that "reply" be deemed and "answer" and that a status call be ordered prior to the twentieth of July by conference call so that Defendants may obtain U.S. counsel and the matter be resolved for both sides on the merits or mediated to conclusion. Plaintiff will also request that the Defendant Corporation be given an opportunity to remove the default judgment and participate through counsel.

15	If the Court wishes Plaintiff to respond to the "Reply" as another motion to

dismiss Plaintiff requests an additional two weeks from the date of the Order to reply.  Counsel with be returning to Washington on July 2, 2007, and must return to California on probate matters regarding his son's estate in Los Angeles around July 20, 2007.

Respectfully Submitted,

//Stephen A. Weitzman//
_____
STEPHEN A. WEITZMAN
D.C. Bar No. 15602
Attorney for Plaintiff
4950 Reedy Brook Lane
Columbia, Maryland 21045
(301) 596-5564

saw5198@earthlink.net

earthlink.net

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I mailed first class, postage prepaid, a copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Support of its Motion for Reconsideration of this Court's Minute Entry Order of June 20, 2007, Dismissing Plaintiff's Complaint Against Defendants Dr. Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger, and Alexander Gruter, Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint, Plaintiff's Response to this Court's Show Cause Order of June 20, 2007, and Plaintiff's Request for an Order of Default Against Defendant NAWA VERTRIEBS-GMBH to Defendant DR. HANS-GEORG BOTTLER, Krueckauweg 3, 25335 Elmshorn, Germany, and to Defendant FERDY EGLI, Freudenbergweg 5, 9240 Uzwil, Switzerland, and to Defendant BERND STERN, Mulhamer Strasse 20, 94486 Osterhofen, Germany, and to Defendant PETER KANZLSPERGER, Armin-Knab Strasse 13, 94474 Visholfen, Germany, and to Defendant NAWA VERTRIEBS-GMBH, a German Corporation, Ziegelhoehe 8, 92361 Berngau, Germany, and to Defendant ALEXANDER GRUTER, Pruefeninger Strasse 35, 93049 Regensburg, Germany, this _____ day of _____, 2007.

                                                _____
     STEPHEN A. WEITZMAN
                                                D.C. Bar No. 15602
                                                Attorney for Plaintiff