IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAWA USA, INC., <br>    a Delaware Corporation <br><br>       Plaintiff <br><br> v. <br><br> DR. HANS-GEORG BOTTLER, <u>et. al.</u> <br><br>       Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No. 06-1150 (RMC) <br> ) <br> ) Judge Collyer <br> ) <br> ) |

PLAINTIFF'S MOTION FOR RECONSIDERATION OF
THIS COURT'S MINUTE ENTRY ORDER OF JUNE 20, 2007,
DISMISSING PLAINTIFF'S COMPLAINT AGAINST
DEFENDANTS DR. HANS-GEORG BOTTLER, FERDY EGLI,
BERND STERN, PETER KANZLSPERGER, AND ALEXANDER GRUTER

    Plaintiff, NAWA USA, INC., by and through its attorney, STEPHEN A. WEITZMAN, hereby submits its Motion for Reconsideration of this Court's Minute Entry Order of June 20, 2007, dismissing Plaintiff's Complaint against Defendants DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER. Accompanying this Motion for Reconsideration is a Memorandum of Points and Authorities in support of its position.

    WHEREFORE, Plaintiff, NAWA USA, INC., hereby respectfully requests that this Honorable Court reconsider its Minute Entry Order of June 20, 2007, dismissing Plaintiff's Complaint against the individual Defendants, DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER, and deny the Motions of the individual Defendants, DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER, to dismiss Plaintiff's Complaint and order that the individual Defendants, DR. HANS-GEORG BOTTLER, FERDY

EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER, formally answer or otherwise respond to Plaintiff's Complaint within thirty (30) days of the date of the Order of this Court denying their Motions to Dismiss.

                                                                                                             _____

STEPHEN A. WEITZMAN  
D.C. Bar No. 15602  
Attorney for Plaintiff  
4950 Reedy Brook Lane  
Columbia, Maryland 21045  
(301) 596-5564  

saw5198@earthlink.net

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I mailed first class, postage prepaid, a copy of the foregoing Plaintiff's Motion for Reconsideration of this Court's Minute Entry Order of June 20, 2007, Dismissing Plaintiff's Complaint Against Defendants Dr. Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger, and Alexander Gruter to Defendant DR. HANS-GEORG BOTTLER, Krueckauweg 3, 25335 Elmshorn, Germany, and to Defendant FERDY EGLI, Freudenbergweg 5, 9240 Uzwil, Switzerland, and to Defendant BERND STERN, Mulhamer Strasse 20, 94486 Osterhofen, Germany, and to Defendant PETER KANZLSPERGER, Armin-Knab Strasse 13, 94474 Visholfen, Germany, and to Defendant NAWA VERTRIEBS-GMBH, a German Corporation, Ziegelhoehe 8, 92361 Berngau, Germany, and to Defendant ALEXANDER GRUTER, Pruefeninger Strasse 35, 93049 Regensburg, Germany, this 2nd day of July 2007___, 2007, and by email tm Mr. Alexander Gruter, July 2, 2007.

                                                                   // Stephen A. Weitzman//
                                                              _____
                                                               STEPHEN A. WEITZMAN
                                                              D.C. Bar No. 15602
                                                              Attorney for Plaintiff

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAWA USA, INC., <br>    a Delaware Corporation <br><br>        Plaintiff <br><br>    v. <br><br> DR. HANS-GEORG BOTTLER, <u>et. al.</u> <br><br>        Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No. 06-1150 (RMC) <br> ) <br> ) Judge Collyer <br> ) <br> ) |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF
THIS COURT'S MINUTE ENTRY ORDER OF JUNE 20, 2007,
DISMISSING PLAINTIFF'S COMPLAINT AGAINST INDIVIDUAL DEFENDANTS
DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN,
PETER KANZLSPERGER, AND ALEXANDER GRUTER, PLAINTIFF'S AND
ENTRY OF A DEFALT JUDGMENT AGAINST THE CORPORATE DEFENDANT

Plaintiff, NAWA USA, INC., by and through its attorney, STEPHEN A. WEITZMAN, hereby submits its Memorandum of Points and Authorities in support of its Motion for Reconsideration of this Court's Minute Entry Order of June 20, 2007, dismissing Plaintiff's Complaint against Defendants DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER. In support of its position on all of the matters set forth above, Plaintiff, NAWA USA, INC., states as follows:

**FACTS**

1     Plaintiff's failure to respond in a timely manner to this Court's Order of May 4, 2007, ordering it to respond to the Motion of the five individual Defendants to Dismiss Plaintiff's Complaint no later than June 4, 2007, is entirely the result of the unintentional failure of undersigned counsel to become aware of the Court's May 4, 2007, Order until June 20, 2007.

1

Counsel is not certain as to the reasons why he did see or receive notice of the Court's May 4, 2007, Order. Counsel had received the "Reply" of the Defendants and assumed that this was the Answer to the Complaint on the merits. When defendants' made a motion to dismiss they said so. The "reply" was a twenty two page reply plus over 180 pages of exhibits, mostly in German. The exhibits were sent to NAWA's president for translation. Counsel also was preparing a motion for default judgment against the corporation since its answer was not submitted by an attorney as required by law. We were also trying to amass the necessary papers to support a damage award against the defaulting corporation. The answer also went to matters already decided by the Court as to the first motion to dismiss and also went to the merits of the case. Counsel also began an e-mail dialog with Mr. Gruter shortly after getting the numerous exhibits by mail to reach a settlement of the entire matter.

 2 As to the e-mail of the Court's Order it may have been deleted as spam. Further Counsel has been accessing e-mail around this time from California where Counsel is administering the estate of his son who died December 30, 2006. Instead of getting email on the office computer where the email program makes it easy to spot emails from the Court, the email system on the ISP of EarthLink makes it easy to miss and delete emails and may have identified it as spam. Counsel did not miss the latest Court order.

 3 The discovery of the May e-mail occurred when counsel was reviewing the case docket on Pacer and immediately called the courts clerks. Counsel then began to prepare this motion but had to go to California on his son's complicated estate matters.

 4 The Court's order deeming the "reply" a second motion to dismiss was therefore a most unexpected surprise.

5	Counsel wishes to assure the Court that such a circumstance will not be repeated again in as much as undersigned counsel will now check the PACER system with respect to the instant litigation on at least a weekly basis.

6	According Plaintiff requests the Court to set aside the dismissal of the Complaint against the individuals.

## POINTS AND AUTHORITIES

7	This matter is governed by FRCP Rule 55 and in part by FRCP Rule 60. The criteria for review under both rules for setting aside a default are:

a) whether the default was willful,

b) whether set-aside would prejudice plaintiff, and

c) whether the alleged matter was meritorious.

[BITON, et al., Plaintiffs, v. The PALESTINIAN INTERIM SELF GOVERNMENT AUTHORITY, et al.233 F.Supp.2d 31, (DDC 2002); citing Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C.Cir.1980); see also Baade v. Price, 175 F.R.D. 403, 405-406 (D.D.C.1997) (citing Jackson, 636 F.2d at 836).]

As stated by the Court:

"In assessing the factual circumstances asserted by the parties, "all doubts are resolved in favor of the party seeking relief." Jackson, 636 F.2d at 836 (citation omitted)."

8	As shown by the stated facts above the failure to comply with the order was not willful.

9	The second factor is whether setting aside dismissal would prejudice the individual Defendants. It will not. The Defendants are persons of means who have decided (and it is their privilege) to act pro se. Mr. Gruter is a defendant here because he was defendants'

counsel who according to the Complaint s participated in and counseled the individuals on their tortious action against Plaintiff. He has indirectly been acting as unauthorized legal counsel in this matter, in effect practicing law here in the United States without a license. It is he who obviously has been preparing documents on behalf of his "clients," the other individual defendants and the Corporation.

10    The prejudice to plaintiff in this case is obvious. The cause of the problem here is the refusal of the individuals to hire proper U.S. counsel so the matter can be joined and go to mediation and disposition.

11    This case is procedurally in its early stages.

12    As to the third criteria, whether the alleged matter was meritorious, the Complaint speaks for itself as well as the Defendants verbose response. The question is not whether there is the likelihood of success but whether causes of action have been sufficiently pleaded.

## CONCLUSION AND REQUESTS

13    Because this case should be resolved on the merits and the circumstances do not support allowing the entry of the dismissal and Plaintiff's motion to set aside dismissal Should be granted.

14    Further Plaintiff requests that "reply" be deemed and "answer" and that a status call be ordered prior to the twentieth of July by conference call so that Defendants may obtain U.S. counsel and the matter be resolved for both sides on the merits or mediated to conclusion. Plaintiff will also request that the Defendant Corporation be given an opportunity to remove the default judgment and participate through counsel.

15    If the Court wishes Plaintiff to respond to the "Reply" as another motion to

dismiss Plaintiff requests an additional two weeks from the date of the Order to reply. Counsel with be returning to Washington on July 2, 2007, and must return to California on probate matters regarding his son's estate in Los Angeles around July 20, 2007.

Respectfully Submitted,

//Stephen A. Weitzman//
_____
STEPHEN A. WEITZMAN
D.C. Bar No. 15602
Attorney for Plaintiff
4950 Reedy Brook Lane
Columbia, Maryland 21045
(301) 596-5564

saw5198@earthlink.net

earthlink.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I mailed first class, postage prepaid, a copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Support of its Motion for Reconsideration of this Court's Minute Entry Order of June 20, 2007, Dismissing Plaintiff's Complaint Against Defendants Dr. Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger, and Alexander Gruter, Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint, Plaintiff's Response to this Court's Show Cause Order of June 20, 2007, and Plaintiff's Request for an Order of Default Against Defendant NAWA VERTRIEBS-GMBH to Defendant DR. HANS-GEORG BOTTLER, Krueckauweg 3, 25335 Elmshorn, Germany, and to Defendant FERDY EGLI, Freudenbergweg 5, 9240 Uzwil, Switzerland, and to Defendant BERND STERN, Mulhamer Strasse 20, 94486 Osterhofen, Germany, and to Defendant PETER KANZLSPERGER, Armin-Knab Strasse 13, 94474 Visholfen, Germany, and to Defendant NAWA VERTRIEBS-GMBH, a German Corporation, Ziegelhoehe 8, 92361 Berngau, Germany, and to Defendant ALEXANDER GRUTER, Pruefeninger Strasse 35, 93049 Regensburg, Germany, this _____ day of _____, 2007.

 

STEPHEN A. WEITZMAN

_____

D.C. Bar No. 15602
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAWA USA, INC., a Delaware Corporation | ) ) ) |
| Plaintiff | ) ) |
| v. | ) Civil No. 06-01150 (RMC) ) |
| DR. HANS-GEORG BOTTLER, et. al. | ) Judge Collyer ) |
| Defendants | ) |

ORDER

Upon consideration of Plaintiff's Motion for Reconsideration of this Court's Minute Entry Order of June 20, 2007, dismissing Plaintiff's Complaint against Defendants DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER, and Entry of a Default Judgment against Defendant Corporation, the Memorandum of Points and Authorities in Support thereof, and Plaintiff's Response to this Court's Show Cause Order of June 20, 2007, and Plaintiff's Complaint filed in this matter, and the entire record herein, it is by the United States District Court for the District of Columbia, this _____ day of _____, 2007,

ORDERED that Plaintiff's Motion for Reconsideration of this Court's Minute Entry Order of June 20, 2007, dismissing Plaintiff's Complaint against Defendants DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER be, and the same hereby is, GRANTED, and the dismissal entered Vacated; and it is

FURTHER ORDERED that the Reply of Defendants DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER be deemed an answer on the merits;

and the Defendant Corporation's default entered is Vacated provided U.S. Counsel is properly appears and on the Corporation's behalf and contacts by July 15, 2007 Plaintiff's Counsel to set a status hearing before this Court;

IN THE ALTERNATIVE IF THE REPLY IS DEEMED A MOTION TO DISMISS:

It is further ORDERED that Plaintiff has an additional 60 days from the date of this order to respond to Defendants' motion (allowing for time to translate documents)

FURTHER ORDERED that Defendants DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER answer or otherwise respond to Plaintiff's Complaint within thirty (30) days from the date of this Order, and it is

FURTHER ORDERED that Plaintiff's Request for an Order of Default against Defendant NAWA VERTRIEBS-GMBH, a German corporation, pursuant to Rule 55, Federal Rules of Civil Procedure, be reinstated and the same hereby is, GRANTED, and it is

Dated:

_____
ROSEMARY COLLYER
UNITED STATES DISTRICT JUDGE

Copies to:

STEPHEN A. WEITZMAN, Esquire
Attorney for Plaintiff
4950 Reedy Brook Lane
Columbia, Maryland 21045

2

DR. HANS-GEORG BOTTLER
Defendant
Krueckauweg 3
25335 Elmshorn, Germany

FERDY EGLI
Defendant
Freudenbergweg 5
9240 Uzwil, Switzerland

BERND STERN
Defendant
Mulhamer Strasse 20
94486 Osterhofen, Germany

PETER KANZLSPERGER
Defendant
Armin-Knab Strasse 13
94474 Visholfen, Germany

NAWA VERTRIEBS-GMBH
   a German Corporation
Defendant
Ziegelhoehe 8
92361 Berngau, Germany

ALEXANDER GRUTER
Defendant
Pruefeninger Strasse 35
93049 Regensburg, Germany