UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAWA USA, Inc., ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-1150 (RMC) |
| HANS-GEORG BOTTLER, et al., ) | |
| Defendants. ) | |

ORDER

      Plaintiff NAWA USA, Inc. filed a Complaint in this matter on June 23, 2006, against NAWA Vertriebs-GMBH, a German corporation, as well as against the following five Individual Defendants, all foreign residents: Dr. Hans-Georg Bottler, Mr. Ferdy Egli, Mr. Bernd Stern, Mr. Peter Kanzlesperger, and Mr. Alexander Gruter.[1] On October 26, 2006, Plaintiff requested the Clerk to effect service upon NAWA Vertriebs-GMBH by registered mail, return receipt requested, pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii). The docket does not reflect a return receipt for service upon NAWA Vertriebs-GMBH. Thus, by Order dated June 20, 2007 and by Minute Entry Order dated July 6, 2007, the Court ordered Plaintiff to show cause why the Court should not dismiss this action pursuant to Local Rule 83.23 for failure to prosecute.

      Plaintiff responded to the show cause order on July 19, 2007. Plaintiff requests a Clerk's entry of default, conceding that NAWA Vertriebs-GMBH has not been served but claiming

---

[1] Dr. Bottler and Messrs. Egli, Stern, and Kanzlesperger are allegedly former directors of Plaintiff, and Mr. Gruter is an attorney who allegedly assisted them in the alleged unlawful conduct described in the Complaint. All of the Individual Defendants are residents of Germany, with the exception of Mr. Egli, who is a resident of Switzerland.

that NAWA Vertriebs-GMBH waived service by filing various pleadings. Pl.'s Resp. to Show Cause filed July 19, 2007 [Dkt. No. 31] at 4-5.

NAWA Vertriebs-GMBH did not waive service of process, however, because it has not in fact appeared in this proceeding. No attorney has filed an appearance on behalf of NAWA Vertriebs-GMBH, and the corporation cannot proceed pro se because the relevant statute allows only individuals to proceed pro se. *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Id*. at 201-02; *see also Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006) (corporation cannot appear pro se or in forma pauperis). The Individuals Defendants, proceeding pro se, attempted to file motions to dismiss on behalf of NAWA Vertriebs-GMBH, but they did so unsuccessfully. *See* Mot. to Dismiss filed Dec. 28, 2006 [Dkt. No. 9]; Mot. to Dismiss filed May 4, 2007 [Dkt. No. 25]. Because corporations may proceed only through a licensed attorney, the Court struck such pleadings on behalf of NAWA Vertriebs-GMBH. *See* Op. & Order filed Feb. 26, 200 [Dkt. No. 19]; Order filed May 4, 1007 [Dkt. No. 24].

Under Rule 4(m) of the Federal Rules of Civil Procedure, if a plaintiff has not served a defendant with a summons and a complaint within 120 days after the filing of the complaint, the Court may dismiss the action. Over 120 days have passed since the filing of the complaint in this action,[2] and the Court has no record that NAWA Vertriebs-GMBH has been served with a summons and complaint. Accordingly, it is hereby

**ORDERED** that Plaintiff's request for a Clerk's entry of default against NAWA

---

[2] The Complaint was filed on June 23, 2006.

Vertriebs-GMBH [Dkt. No. 31] is **DENIED**; and it is

**FURTHER ORDERED** that no later than August 20, 2007, Plaintiff must either: (1) file with the Court proof that NAWA Vertriebs-GMBH has been served with a summons and complaint, or (2) provide the Court with a written explanation of good cause for why service of process has not been completed.  If the Plaintiff fails to comply with this Order, or if the Court determines that the Plaintiff has not shown good cause for failure to comply with Rule 4(m), this case will be dismissed against NAWA Vertriebs-GMBH without prejudice; and it is

**FURTHER ORDERED** that the Court's order to show cause filed June 20, 2007 [Dkt. No. 26] and the Court's Minute Entry Order to show cause filed July 6, 2007, are **DISCHARGED**.

**SO ORDERED**.


Date: July 19, 2007                             _____/s/_____
                                                ROSEMARY M. COLLYER
                                                United States District Judge