IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

NAWA USA, INC.,                )
   a Delaware Corporation
                                )
     Plaintiff           )
                                  )
     v.                  )    Civil No.  06-1150 (RMC)
                                  )
DR. HANS-GEORG BOTTLER, et. al.,  )    Judge Collyer
                                  )
     Defendants          )

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO THE MOTIONS OF DEFENDANTS
DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN,
PETER KANZLSPERGER, AND ALEXANDER GRUTER
TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, NAWA USA, INC., by and through its attorney, STEPHEN A. WEITZMAN, hereby submits its Memorandum of Points and Authorities in Opposition to the Motions of Defendants Dr. Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger, and Alexander Gruter, to Dismiss Plaintiff's Complaint together with the sworn statement of Sylvia Weber Corporate Secretary of NAWA USA, Inc.. In support of its opposition Plaintiff, NAWA USA, INC., states as follows:

SERVICE

1. Plaintiff had followed what it believed were the proper procedures with some guidance from the Clerks Office to affect mail service on all defendants. Since the Corporate Defendant failed to acknowledge mail service and was ordered by the Court to demonstrate proper mail service on the Corporate Defendant Plaintiff engaged a process server that specializes in service in Germany and Switzerland to affect personal service.  Based upon the information received by

Plaintiff from that company, Plaintiff determined that personal service of all documents including translation of special Hague Convention forms and all attachments to the Complaint are necessary to assure that this Court's final judgment of this Court is proper and will be enforceable in both Germany and Switzerland. This personal service will avoid all possible complications regarding issues of waiver and propriety of service.

2. Plaintiff has therefore engaged this special process server to make proper service on all the Defendants at and translate the exhibits (the Certificate of Good Standing, bylaws and employment contract) at a cost exceeding $6,000 total. The process server also noted that August is a vacation period in Europe and that delays may be expected. Therefore we request at least 60 days time to affect service unless good cause is shown that a longer period is required.

3. As noted in the cases the procedures for service under Rule 4 followed by Plaintiff have been objected to by Germany and Switzerland and accordingly mail service is insufficient. Further the German translation of the complaint and summons without translation of all exhibits was insufficient. In such circumstances the Court's have ruled that correction of these matters may be done without dismissal of the Complaint but rather quashing service and requiring compliance with the rules of the country and affecting personal service. One condition West Germany has imposed is that the papers served bear a German translation. Another is that service not be made by direct mail. In Vorhees v. Fischer & Krecke, 697 F.2d 574 (CA4 1983), both conditions were breached: the service was made by direct mail under Rule 4(i) (1) (D) and the papers served were not translated. Service was quashed. Fortunately, the mere quashing avoided a dismissal, thus permitting service anew, which preserved the action from what would otherwise have been the bar of an expired statute of limitations. A similar quashing of service in West

Germany was the result in Harris v. Browning-Ferris Industries Chemical Services, Inc., 100 FRD 775 (MD La.1984), where the mail method used was one authorized by state law, adopted for federal use by Rule 4(c)(2)(C)(i), and where again the papers served carried no translation.

4.  The remedy of quashing service is appropriate in the current circumstances.  Rather than dismissing cases for failure to properly affect service, courts will often quash the service and require plaintiff to effect proper service within a reasonable time. See e.g. Teknekron Management, Inc. v. Quante Fernmeldetechnik Gmbh, 115 F.R.D. 175, 177 (D.Nev.1987) (Courts routinely regard motions for dismissal as motions to quash service and allow the plaintiff to properly serve the defendant rather than dismissing the entire action for insufficient service) (citing Vorhees v. Fischer & Kricke, 697 F.2d 574 (4th Cir.1983). Id.

> "Courts have regularly held, however, that instead of dismissing the entire action for insufficient service, service should simply be quashed, allowing the plaintiff to serve properly. See Vorhees, supra, at 576; Jim Fox Enterprises, Inc. v. Air France, 664 F.2d 63, 65 (5th Cir.1981). The Court will thus treat the defendants' motion for dismissal as a motion to quash service. In addition, in view of the insufficiency of service in this case, it would be premature for the Court to decide the motion to dismiss for lack of personal jurisdiction. If service is later effected (sic) properly by the plaintiff, the defendants may renew their motion on this count by incorporation.
>
> IT IS, THEREFORE, HEREBY ORDERED that the defendants' motion to quash service of process for failure to comply with the Hague Convention is granted.
>
> IT IS FURTHER ORDERED that the defendants' motion to dismiss for lack of jurisdiction over the person is denied as moot. The defendants may renew this motion by incorporation if service is properly effected at a later time. " (at 117)

5. Wherefore the plaintiff requests that service be quashed in favor of personal service as described above.

## JURISDICTION AND VENUE ISSUES

6.  While the subject of dismissal will be moot with the quashing of service Plaintiff

3

responds to Defendants motion as follows:

## SUBJECT MATTER JURISDICTION

7. With respect to the question of subject matter jurisdiction of this Court, these Defendants misconstrue the jurisdictional allegations upon which the subject matter jurisdiction of this Court is based.  The subject matter jurisdiction of this Court is not based upon "federal question" jurisdiction, 28 U.S.C. Section 1331. It is based upon a civil dispute under state law of Delaware regarding Corporation formed under Delaware Law; diversity of citizenship jurisdiction, 28 U.S.C. Section 1332(a), in that Plaintiff corporation is a citizen of both the State of Delaware and the District of Columbia, and these Defendants are all citizens of foreign countries; and the amount of the dispute exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  Plaintiff is a corporation duly organized and existing in good standing under the laws of the State of Delaware and has its principal place of business in the United States at  offices located at 1875 I Street, N.W., 5th Floor, Washington, D.C. 20006.  Plaintiff has maintained offices in D.C. since October 2000. This Court does have subject matter jurisdiction over this case and the Motions of the individual Defendants, DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER, to dismiss Plaintiff's Complaint on the grounds of lack of subject matter jurisdiction must be denied.

## PERSONAL JURISDICTION

8.  NAWA USA, Inc. was set up as a U.S. corporation and has had U.S. offices in the District of Columbia since October 2000.  All the individual Defendants were aware that the corporation was a U.S. corporation incorporated in Delaware. NAWA USA, Inc. maintained no

4

offices in Delaware and conducted no business in Delaware. Based upon information and belief

requisite D.C. taxes were paid to the District of Columbia. With respect to the question of

personal jurisdiction over the individual Defendants, all of these Defendants have engaged in

actions that have adversely affected the Corporation NAWA USA, Inc. The Defendants are either

former directors of Plaintiff Corporation, a former officer of Plaintiff Corporation, or the attorney

who assisted and counseled the other individual Defendants in their unlawful actions. This Court

has personal jurisdiction over the individual Defendants under the District of Columbia "Long-

Arm" statute, 13 D.C. Code Section 423, in as much as these individual Defendants voluntarily

transacted business that affected a corporation whose principal place of business is in the District

of Columbia by virtue of serving as directors and/or officers or employee of Plaintiff corporation

and/or by deriving substantial fees and salaries from their corporate activities. The exercise of

personal jurisdiction over the individual Defendants by this Court under the circumstances of this

case is consistent with considerations of fundamental fairness and due process in as much as this

case arises from activities concerning a corporation whose principal place of business in the

United States is located in the District of Columbia. All of these Defendants voluntarily entered

into their positions as either directors, officers, or both, of Plaintiff Corporation, thereby

voluntarily subjecting themselves to the jurisdiction of the courts of the District of Columbia for

all matters arising out of their activities with respect to the Plaintiff Corporation. The action of

the Defendants complained of were taken with the intent of impacting the Plaintiff Corporation

which has its principal place of business in the District of Columbia. This Court does in fact have

personal jurisdiction over all of the Defendants in this case and the Motions of Defendants DR.

HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and

ALEXANDER GRUTER, to dismiss Plaintiff's Complaint on the grounds of lack of personal jurisdiction must be denied.

## VENUE

9.  With respect to the issue of venue, venue is clearly proper in this judicial district under the general venue statute, 28 U.S.C. Section 1391.  Section 1391(a) provides that, in a civil action where jurisdiction is founded on diversity of citizenship, venue is proper in either a district in which a substantial part of the events giving rise to the claim occurred, a district in which a substantial part of property that is the subject of the action is situated, or a district in which any defendant is subject to personal jurisdiction at the time the action is commenced.  The District of Columbia qualifies under all three of these criteria.  Of even greater significance, however, is 28 U.S.C. Section 1391(d) which provides that "An alien may be sued in any district."  In the instant case, all of the individual Defendants are aliens and citizens of foreign countries.  As such, they may be sued in any judicial district, venue in this Court is proper, and the Motions of Defendants DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER, to dismiss Plaintiff's Complaint on the grounds of improper venue must be denied.

## STATUTE OF LIMITATIONS

10.  To the extent that the individual Defendants' Motions to Dismiss can be construed as raising an issue with regard to the statute of limitations, Plaintiff submits that these Defendants' Motions to Dismiss provide absolutely no support for the assertion that the statute of limitations had run prior to the filing of this lawsuit.  No specific facts or affidavits are asserted or submitted by the individual Defendants in support of their claims.  In any event, Plaintiff strongly asserts

that the instant lawsuit was filed well within the time constraints of any applicable statute of

limitations, regardless of which jurisdiction's statute would apply.  Certain of the tortious actions

complained of in fact are ongoing and therefore there can be no issue of the statute of limitations.

Further the quashing of service rather than dismissal will maintain the status quo in regards to this

issue. The Motions of these Defendants, DR. HANS-GEORG BOTTLER, FERDY EGLI,

BERND STERN, PETER KANZLSPERGER and ALEXANDER GRUTER, to dismiss Plaintiff's

Complaint on the grounds of the running of the statute of limitations must be denied.


SETTLEMENT

11.  To the extent that these Defendants' Motions to Dismiss can be construed as raising an

issue with regard to a possible prior settlement (accord and satisfaction) or prior adjudication of

claims (res judicata), Plaintiff submits that these Defendants' Motions to Dismiss provide

absolutely no support for the assertion that their was any prior settlement, accord and satisfaction,

or prior adjudication, such that would bar the litigation of the instant Complaint.  No specific facts

or affidavits are asserted or submitted by the individual Defendants in support of their claims, nor

is any copy of a prior settlement or prior adjudication submitted.  The Motions of these

Defendants, DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN, PETER

KANZLSPERGER, and ALEXANDER GRUTER, to dismiss Plaintiff's Complaint on the

grounds of res judicata or accord and satisfaction must be denied.

WHEREFORE, Plaintiff, NAWA USA, INC., hereby respectfully requests that this

Honorable Court to quash service on all Defendants and permit the Plaintiff to serve all

Defendants individually through the government processes for Germany and Switzerland and

7

deny the Motions of Defendants, DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND

STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER to dismiss Plaintiff's

Complaint.


                                                      _____

                                                      STEPHEN A. WEITZMAN

                                                      D.C. Bar No. 15602

                                                      Attorney for Plaintiff

                                                      4950 Reedy Brook Lane

                                                      Columbia, Maryland 21045

                                                      (301) 596-5564

                          saw5198@earthlink.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I mailed first class, postage prepaid, a copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to the Motions of Defendants Dr. Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger, and Alexander Gruter to Dismiss Plaintiff's Complaint to Defendant DR. HANS-GEORG BOTTLER, Krueckauweg 3, 25335 Elmshorn, Germany, and to Defendant FERDY EGLI, Freudenbergweg 5, 9240 Uzwil, Switzerland, and to Defendant BERND STERN, Mulhamer Strasse 20, 94486 Osterhofen, Germany, and to Defendant PETER KANZLSPERGER, Armin-Knab Strasse 13, 94474 Visholfen, Germany, and to Defendant NAWA VERTRIEBS-GMBH, a German Corporation, Ziegelhoehe 8, 92361 Berngau, Germany, and to Defendant ALEXANDER GRUTER, Pruefeninger Strasse 35, 93049 Regensburg, Germany, this _____ day of July, 2007.


_____
STEPHEN A. WEITZMAN
D.C. Bar No. 15602
Attorney for Plaintiff

9

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

NAWA USA, INC.,                            )
   a Delaware Corporation              )
                               )
     Plaintiff                            )

       v.                                )    Civil No.  06-01150 (RMC)
                               )
DR. HANS-GEORG BOTTLER, et. al.    )    Judge Collyer
                               )
     Defendants                           )

<u>ORDER</u>

Upon consideration of the Motions of Defendants, DR. HANS-GEORG BOTTLER,

FERDY EGLI, BERND STERN, PETER KANZLSPERGER, and ALEXANDER GRUTER, to

dismiss Plaintiff's Complaint, Plaintiff's Memorandum of Points and Authorities in Opposition to

the Motions of Defendants, DR. HANS-GEORG BOTTLER, FERDY EGLI, BERND STERN,

PETER KANZLSPERGER, and ALEXANDER GRUTER, to dismiss Plaintiff's Complaint,

Plaintiff's Complaint filed in this matter, and the entire record herein, it is by the United States

District Court for the District of Columbia, this _____ day of _____, 2007,

IT IS, THEREFORE, HEREBY ORDERED that the defendants' motion to quash service

of process for failure to comply with the Hague Convention is granted.

IT IS FURTHER ORDERED that the defendants' motion to dismiss for lack of jurisdic-

tion over the person is denied as moot. The defendants may renew this motion by incorporation

if service is properly effected within 60 days unless good cause is shown for a further extension.

                                    _____
                                    ROSEMARY COLLYER
                                    UNITED STATES DISTRICT JUDGE

Copies to:

STEPHEN A. WEITZMAN, Esquire
Attorney for Plaintiff
4950 Reedy Brook Lane
Columbia, Maryland 21045

DR. HANS-GEORG BOTTLER
Defendant
Krueckauweg 3
25335 Elmshorn, Germany

FERDY EGLI
Defendant
Freudenbergweg 5
9240 Uzwil, Switzerland

BERND STERN
Defendant
Mulhamer Strasse 20
94486 Osterhofen, Germany

PETER KANZLSPERGER
Defendant
Armin-Knab Strasse 13
94474 Visholfen, Germany

NAWA VERTRIEBS-GMBH
    a German Corporation
Defendant
Ziegelhoehe 8
92361 Berngau, Germany

ALEXANDER GRUTER
Defendant
Pruefeninger Strasse 35
93049 Regensburg, Germany

Sworn Statement of Sylvia Weber

1. I am corporate Secretary of Nawa USA, Inc.

2. Nawa USA, Inc. has had its principal offices in the United States in Washington D.C. since 2000.

3. Nawa USA, Inc. has paid franchise taxes to the District of Columbia since 2000.

4. In prior litigation with defendants there has been no settlement all known or unknown claims.

This statement is made this 26th day of July under penalty of perjury in accordance with the laws of the District of Columbia.


Sylvia Weber