IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAWA USA, INC., ) | |
| a Delaware Corporation ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| DR. HANS-GECRG BOTTLER, <u>et. al.</u>  ) | |
| Defendants ) | Civil No. 06-1 15 0 (RMC) |
| ) | Judge Collyer |

PLAINTIFF'S REPORT TO THE COURT IN RESPONSE TO
THE SHOW CAUSE ORDER OF 07/19/2007 (Dkt # 32)

**CORRECTED DATE AUGUST 20, 2007**

Plaintiff, NAWA USA, INC., by and through its attorney, STEPHEN A. WEITZMAN, hereby submits this report and Points and Authorities in support of its request not to dismiss this action without prejudice but allow the continuation of the action and personal service in accordance with procedures of Germany and by treaty. In support of its request, NAWA USA, INC., states as follows:

1.      Plaintiff had followed what it believed were the proper procedures with some guidance from the Clerks Office and the Department of State to render service in compliance with the Hague Convention. Defendant Corporation failed to acknowledge mail service and Plaintiff was ordered by the Court to demonstrate proper mail service on the Corporate Defendant.  Plaintiff has since the Court's order learned that its service was not proper by mail and moreover that the procedure for compliance with the treaty requirements with Germany were more complex than simply serving through their countries procedures for service with German translations of the complaint.  The

procedures necessary have been explained to Counsel by a translation service that deals with this process specifically and has experience with Germany and Switzerland. As recanted to Counsel the procedure including translation of forms and other documents of certification are essential in order to get these sovereign countries to enforce a valid United States Court judgment.

2.      Accordingly Counsel reported back to Plaintiff and Plaintiff even met with Counsel in Washington D.C. a few weeks ago and has directly engaged a the translation company to manage the process for personal service in compliance with German law to affect personal service. Based upon the information received by Plaintiff from that company, Plaintiff determined that personal service of all documents including translation of special Hague Convention forms and all attachments to the Complaint are necessary to assure that this Court's final judgment of this Court is proper and will be enforceable in both Germany and Switzerland. This personal service will avoid all possible complications regarding issues of waiver and propriety of service.

3.      Plaintiff has therefore engaged this special process server to make proper service on all the Defendants at and translate the exhibits (the Certificate of Good Standing, bylaws and employment contract) and serving the six defendants at a cost exceeding $6,000 total. The process server also noted that August is a vacation period in Europe and that delays may be expected. Therefore we request at least until September 30, 2007, be given to affect service and file proof of service unless good cause is shown that a longer period is required.

4.      As noted in the cases the procedures for service under Rule 4 followed by Plaintiff have been objected to by Germany and Switzerland and accordingly mail service is insufficient. Further the German translation of the complaint and summons without

translation of all exhibits was insufficient. In such circumstances the Court's have ruled that correction of these matters may be done without dismissal of the Complaint but rather quashing service and requiring compliance with the rules of the country and affecting personal service. One condition Germany has imposed is that the papers served bear a German translation. Another is that service not be made by direct mail. In Vorhees v. Fischer & Krecke, 697 F.2d 574 (CA4 1983), both conditions were breached: the service was made by direct mail under Rule 4(i) (1) (D) and the papers served were not translated. Service was quashed. Fortunately, the mere quashing avoided a dismissal, thus permitting service anew, which preserved the action from what would otherwise have been the bar of an expired statute of limitations. A similar quashing of service in West Germany was the result in Harris v. Browning-Ferris Industries Chemical Services, Inc., 100 FRD 775 (MD La.1984), where the mail method used was one authorized by state law, adopted for federal use by Rule 4(c)(2)(C)(i), and where again the papers served carried no translation.

5.     The remedy of quashing service is appropriate in the current circumstances. Rather than dismissing cases for failure to properly affect service, courts will often quash the service and require plaintiff to effect proper service within a reasonable time. See e.g. Teknekron Management, Inc. v. Quante Fernmeldetechnik Gmbh, 115 F.R.D. 175, 177 (D.Nev.1987) (Courts routinely regard motions for dismissal as motions to quash service and allow the plaintiff to properly serve the defendant rather than dismissing the entire action for insufficient service) (citing Vorhees v. Fischer & Kricke, 697 F.2d 574 (4th Cir.1983). Id.

It is therefore requested that the Court quash service of process for failure to comply with the Hague Convention and other foreign state requirement and that personal service in conformance with treaty and German law be effected.

August 20, 2007

Respectfully,


// STEPHEN A. WEITZMAN//
STEPHEN A. WEITZMAN D.C. Bar No. 15602
Attorney for Plaintiff
4950 Reedy Brook Lane Columbia, Maryland 21045 (301) 596-5564
saw5198@earthlink.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I mailed first class, postage prepaid, a copy of the foregoing Plaintiffs Memorandum of Points and Authorities in Opposition to the Motions of Defendants Dr. Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger, and Alexander Gruter to Dismiss Plaintiffs Complaint to Defendant DR. HANS-GEORG BOTTLER, KrueckauNveg 3, 25335 Elmshorn, Germany, and to Defendant FERDY EGLI, Freudenbergweg 5, 9240 Uzwil, Switzerland, and to Defendant BERND STERN, Mulhamer Strasse 20, 94486 Gsterhofen, Germany, and to Defendant PETER KANZLSPERGER, Armin-Knob Strasse 13, 94474 Visholfen, Germany, and to Defendant NAWA VERTRIEBS-GMBH, a German Corporation, Ziegelhoehe 8, 92361 Berngau, Germany, and to Defendant ALEXANDER GRUTER, Pruefeninger Strasse 35, 93049 Regensburg, Germany, this 20th day of August, 2007.


//Stephen A. Weitzman//

STEPHEN A. WEITZMAN D.C.
Bar No. 15602
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAWA USA, INC., <br>    a Delaware Corporation | ) <br> ) |
|       Plaintiff | ) |
|       v. | ) Civil No. 06-011 50 (RMC) |
| DR. HANS-GEORG BOTTLER, <u>et. al.</u> | ) Judge Collyer |
|       Defendants | ) |

ORDER

Upon consideration of the Plaintiffs Response to the Court's Show Cause Order regarding defendant corporation NAWA Vertriebs-GMBH

    IT IS, THEREFORE, HEREBY ORDERED that the service is quashed for failure to comply with "T"he Hague Convention and German law;

    IT IS FURTHER ORDERED that the Plaintiff be given until September 30, 2007 to sul)nut proof of service or show good cause for any further delay.

                                                 ROSEMARY COLLYER <br>
                                                 UNITED STATES DISTRICT JUDGE

Copies to:

STEPHEN A. WEITZMAN, Esquire Attorney for Plaintiff
4950 Reedy Brook Lane
Columbia, Maryland 21045

DR. HANS-GEORG BOTTLER Defendant
KrueckauN eg 3
25335 Elmshorn, Germany

FERDY EGLI Defendant
Freudenbergweg 5
9240 Uzwil, Switzerland

BERND STERN
Defendant
Mulhamer Strasse 20
94486 Osterhofen, Germany

PETER KANZLSPERGER Defendant
Armin-Knab Strasse 13 94474 Visholfen, Germany

NAWA VV ERTRIEBS-GMBH a German Corporation Defendant
Ziegelhoehe 8
92361 Bemgau, Germany

ALEXANDER GRUTER Defendant
Pruefeninger Strasse 35
93049 Regensburg, Germany