## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NAWA USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 06-CV-1150 (RMC) |
| | ) | |
| DR. HANS-GEORG BOTTLER, | ) | |
| FERDI EGLI, BERND STERN, | ) | |
| PETER KANZLSPERGER, | ) | |
| NAWA VERTRIEBS-GMBH, and | ) | |
| ALEXANDER GRUTER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiff's Complaint must be dismissed against Defendants Hans-Georg Bottler, Ferdy Egli, Alexander Grueter, Peter Kanzlsperger, Bernd Stern and NAWA Vertriebs-GmbH because (1) the Defendants are not subject to the personal jurisdiction of this Court; (2) the forum is inconvenient; and (3) Plaintiff lacks standing to assert its claims in this Court. Alternatively, Plaintiff's fraud claim should be dismissed because Plaintiff has failed to plead that claim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### I.  FACTUAL BACKGROUND

This case is a German case. Plaintiff, although technically formed in Delaware, conducts business in Germany and does not have a true place of business in the United States. Indeed, Plaintiff's only current officers reside in Germany, and its only office is located in Germany. All of the acts upon which Plaintiff bases its claims occurred in Germany. Moreover, all of the Defendants are located in Europe and lack minimum contacts with this forum such that they are

not subject to suit in the District of Columbia: Defendant NAWA Vertriebs-GmbH is a German

corporation, four of the five individual defendants are German citizens, and the remaining

individual defendant is a Swiss citizen.

A.    **Background and the Claims**

In 2000, NAWA Vertriebs-GmbH, a German company, agreed to transfer an eighty

percent (80%) interest in the company to Plaintiff, an entity formed in Delaware but operating in

Germany. See Declaration of Peter Kanzlsperger ("Kanzlsperger Declaration") (Attachment 1

hereto), ¶ 24. Facing financial difficulties, Plaintiff failed to make the payments required for the

transfer, and, by vote of Plaintiff's Board of Directors on June 21, 2003, the ownership interest

was transferred back to NAWA Vertriebs-GmbH. Id.

Plaintiff's Complaint focuses on the June 21, 2003 board meeting and alleged activities

following the meeting. Plaintiff alleges that Hans-Georg Bottler, Ferdy Egli, Bernd Stern and

Peter Kanzlsperger were removed as directors of Plaintiff on May 23, 2003. Complaint, ¶ 17.

Plaintiff alleges that despite their removal as directors, Mr. Bottler, Mr. Egli, Mr. Stern and Mr.

Kanzlsperger conducted the June 21, 2003 board meeting and passed several board resolutions

regarding the relationship between Plaintiff and NAWA Vertriebs-GmbH, including authorizing

the transfer of Plaintiff's ownership interest in NAWA Vertriebs-GmbH back to NAWA

Vertriebs-GmbH. Id. ¶¶ 17-23. Plaintiff alleges that Defendant Alexander Grueter, an attorney

engaged by the Board, was present at the meeting and prepared the legal documents related to

the resolutions. Id. at ¶¶ 20, 22.

Additionally, Plaintiff alleges that after the June 21, 2003 board meeting, Mr.

Kanzlsperger and NAWA Vertriebs-GmbH manufactured and sold products belonging to

Plaintiff, using Plaintiff's intellectual property and confidential information. Id. ¶ 24. Plaintiff further claims that Mr. Kanzlsperger's alleged use of Plaintiff's intellectual property and confidential information constituted a breach of a written employment agreement between Plaintiff and Mr. Kanzlsperger. Id. ¶ 28.

**B.    The Parties**

1.    *NAWA USA, Inc.*

Plaintiff NAWA USA, Inc. was formed in 1999 for research and development of wound healing products with the objective of securing the approval of the U.S. Food and Drug Administration. Kanzlsperger Declaration, ¶ 20. Plaintiff's current chief executive officer, Thomas Riesinger, and its current chief financial officer, Mrs. Sylvia Weber, both reside in Germany. Id. ¶ 28.

Although Plaintiff states in the Complaint that its "principal place of business and executive offices" are in the District of Columbia, during the time period relevant to the Complaint, the company did not have an actual office in the United States. Id. ¶ 26. The address claimed to be the principal place of business and executive offices is a "virtual office" or business service address. Id. No business of Plaintiff is conducted at that location, and Plaintiff has no physical presence there. Id. The business service, the Regus Group, forwards any correspondence received at the D.C. address to Plaintiff in Germany. Id. Plaintiff is not registered to do business in the District of Columbia. See Attachment 2 hereto (Certificate of the Government of the District of Columbia Department of Consumer and Regulatory Affairs, certifying that NAWA USA, Inc. is not of record as either a domestic entity organized in the District of Columbia or a foreign entity registered to transact business).

During the time period relevant to the Complaint, Plaintiff's only officers and directors resided in Germany and Switzerland, and Plaintiff had no employees in the United States, including in the District of Columbia.  Kanzlsperger Declaration, ¶ 27.  It had no files, documents or other records located in the United States, including in the District of Columbia.  Id. ¶ 30.  It did not have an agent for service of process in the District of Columbia.  Id. ¶ 32.  It did not advertise or solicit business in the United States, including in the District of Columbia.  Id. ¶ 31.  None of Plaintiff's shareholders was a resident of the United States, including the District of Columbia.  Id. ¶ 33.

Only one meeting of the Board of Directors of NAWA USA, Inc. was held in the District of Columbia, in February 2002.  Id. ¶ 21.  This meeting was the first annual meeting of the shareholders, and the purpose of this meeting was for the election of the members of the Board of Directors.  Id.  Other than the February 2002 board meeting, all other board meetings of NAWA USA, Inc. were held in Germany, including the board meeting held on June 21, 2003.  Id. ¶ 22.  In addition to the board meetings, all of the other business of Plaintiff was conducted out of its office in Nuernburg, Germany.  Id. ¶ 23.

2.    *NAWA Vertriebs-GmbH*

Defendant NAWA Vertriebs-GmbH was formed in 1999 and registered in the commercial register in Nuremburg, Germany on December 13, 1999, with its registered office in Berngau, Germany.  Id. at ¶ 4.  NAWA Vertriebs-GmbH sells a variety of products in the sports medicine field, including tape, wraps, dietary supplements, ointments and other fitness and training products.  Id. ¶ 5.  NAWA Vertriebs-GmbH sells products within the European Union.

Id. ¶ 6.  NAWA Vertriebs-GmbH has not sold any products under the name "NAWA" since

March 2005.  Id. ¶ 25.

NAWA Vertriebs-GmbH has no contacts with the District of Columbia.  It does not sell

and has not sold any products in the United States, including in the District of Columbia.  Id. ¶ 7.

It does not now and has not ever maintained an office in the United States, including in the

District of Columbia.  Id. ¶ 8.  It is not now and has not ever been registered to do business in the

United States, including in the District of Columbia.  Id. ¶ 9.  It does not now and has not ever

advertised or solicited business in the United States, including in the District of Columbia.  Id.

¶ 10.  It does not now and has not ever had any employees in the United States, including in the

District of Columbia.  Id. ¶ 11.  It does not now and has not ever had an agent for service of

process in the United States, including in the District of Columbia.  Id. ¶ 12.  It does not now,

and has not ever, maintained any bank account or had any telephone number in the United States,

including in the District of Columbia.  Id. ¶¶ 13-14.  It does not now and has not ever owned any

property in the United States, including in the District of Columbia.  Id. ¶ 15.

3.    *Hans-Georg Bottler*

Hans-Georg Bottler is a citizen of the Federal Republic of Germany and resides in

Elmshorn, Germany.  See Declaration of Hans-Georg Bottler ("Bottler Declaration")

(Attachment 3 hereto), ¶ 2.  Mr. Bottler served on Plaintiff's Board of Directors from February

20, 2002 to February 29, 2004.  Id. ¶ 3.  Mr. Bottler attended the only meeting of the Board of

Directors held in the District of Columbia in February 2002.  Id. ¶ 4.  Mr. Bottler has not visited

the District of Columbia for any reason since this one board meeting or engaged in any other

activities related to Plaintiff in the District of Columbia since the 2002 board meeting.  Id.

Mr. Bottler has not conducted any business in the District of Columbia in his personal capacity.  Id. ¶ 5.  He does not have an office in the District of Columbia and is not employed in the District of Columbia.  Id. ¶ 7.  He does not maintain a bank account or telephone number in the District of Columbia.  Id. ¶ 8.  He does not own any property in the District of Columbia.  Id. ¶ 9.

    4.    *Ferdy Egli*

Ferdy Egli is a citizen of Switzerland and resides in Wil, Switzerland.  See Declaration of Ferdy Egli ("Egli Declaration") (Attachment 4 hereto), ¶ 2.  Mr. Egli served as a member of Plaintiff's Board of Directors from February 20, 2002 to December 31, 2003.  Id. ¶ 3.  He never visited the United States, including the District of Columbia, in connection with any business of Plaintiff.  Id. ¶ 4.  In fact, his last visit to the District of Columbia was in 1987.  Id.

Mr. Egli has not undertaken any business in the District of Columbia in his personal capacity.  Id. ¶ 5.  He does not have an office in the District of Columbia and is not employed in the District of Columbia.  Id. ¶ 7.  He does not maintain a bank account or telephone number in the District of Columbia and does not own any property in the District of Columbia.  Id. ¶¶ 8-9.

    5.    *Alexander Grueter*

Alexander Grueter is a resident of the Federal Republic of Germany and resides in Regensburg, Germany.  See Declaration of Alexander Grueter ("Grueter Declaration") (Attachment 5 hereto), ¶ 2.  He is an attorney accredited in Germany.  Id. ¶ 3.  He has never been a director or an officer of Plaintiff.  Id. ¶ 4.  He was retained by Plaintiff's Board of Directors in Germany in connection with the transfer of the shares of NAWA Vertriebs-GmbH in 2003.  Id. ¶ 5.  The transfer was made under German law before a German notary.  Id.  All of the services he

performed for Plaintiff were performed in Germany.  Id.  Payment for those services was also rendered in Germany.  Id.

Mr. Grueter has not performed any legal services for Plaintiff in the District of Columbia. Id. ¶ 6.  He has not undertaken any business in the District of Columbia in his personal capacity. Id. ¶ 10.  He does not have an office in the District of Columbia and is not employed in the District of Columbia.  Id. ¶ 12.  He does not maintain a bank account or telephone number in the District of Columbia, or own any property in the District of Columbia.  Id. ¶¶ 13-14.

6.     *Peter Kanzlsperger*

Peter Kanzlsperger is a citizen of the Federal Republic of Germany and resides in Vilshofen, Germany.  Kanzlsperger Declaration, ¶ 2.  He is the sole managing director of NAWA Vertriebs-GmbH.  Id. ¶ 3.  He served as a director of Plaintiff from February 20, 2002 to December 31, 2003 and as the vice president and chief operating officer from September 14, 1999 to July 8, 2003.  Id. ¶¶ 18-19.  However, Mr. Kanzlsperger did not execute any written employment agreement with Plaintiff.[1]  Id. ¶ 41.

Mr. Kanzlsperger attended the only meeting of the Board of Directors held in the District of Columbia in February 2002.  Id. ¶ 21.  Mr. Kanzlsperger  has not visited the District of Columbia for any reason since this one board meeting or engaged in any other activities related to Plaintiff in the District of Columbia since the 2002 board meeting.  Id.

Mr. Kanzlsperger has not conducted any business in the District of Columbia in his personal capacity.  Id. ¶ 36.  He does not have an office in the District of Columbia and is not employed in the District of Columbia.  Id. ¶ 38.  He does not maintain a bank account or

---

[1]     The "Employment Agreement" attached to Plaintiff's Complaint is not signed by either Plaintiff or Mr. Kanzlsperger.

telephone number in the District of Columbia.  <u>Id.</u> ¶ 37.  He does not own any property in the District of Columbia.  <u>Id.</u> ¶ 40.

       7.    *Bernd Stern*

Bernd Stern is a citizen of the Federal Republic of Germany and resides in Osterhofen, Germany.  <u>See</u> Declaration of Bernd Stern ("Stern Declaration") (Attachment 6 hereto), ¶ 2.  Mr. Stern served on Plaintiff's Board of Directors from February 20, 2002 to February 29, 2004.  <u>Id.</u> ¶ 3.  Mr. Stern attended the only meeting of the Board of Directors held in the District of Columbia in February 2002.  <u>Id.</u> ¶ 4.  Mr. Stern has not visited the District of Columbia for any reason since this one board meeting or engaged in any other activities related to Plaintiff in the District of Columbia since the 2002 board meeting.  <u>Id.</u>

Mr. Stern has not conducted any business in the District of Columbia in his personal capacity.  <u>Id.</u> ¶ 5.  He does not have an office in the District of Columbia and is not employed in the District of Columbia.  <u>Id.</u> ¶ 7.  He does not maintain a bank account or telephone number in the District of Columbia.  <u>Id.</u> ¶ 8.  He does not own any property in the District of Columbia.  <u>Id.</u> ¶ 9.

**C.**    <u>**Other Proceedings Related to Plaintiff in Germany**</u>

At least four public proceedings related to Plaintiff have been commenced in Germany.

First, the public prosecutor's office for Nuremburg-Fuerth has commenced an investigation against Plaintiff in Germany for fraud and embezzlement in connection with the placement of Plaintiff's shares.  Kanzlsperger Declaration, ¶ 35.  That investigation is ongoing.  <u>Id.</u>

Three Defendants in this case – Mr. Stern, Mr. Egli and Mr. Bottler – commenced suits

against Plaintiff in Germany, each before the Local District Court of Nuernberg, Germany. Grueter Declaration, ¶ 7.  The suit by Mr. Stern was Case Number 35 C 6934/04; the suit by Mr. Egli was Case Number 35 C 6934/04; and the suit by Mr. Bottler was Case Number 34 C 1097/04.  Each suit involved claims for fees owed to Mr. Stern, Mr. Egli and Mr. Bottler as directors of Plaintiff in 2003.  Id.  The claims related to the first half of 2003 were settled on October 14, 2004.  The claims related to the second half of 2003 were settled on February 16, 2006.  Id.

Notably, Plaintiff did not claim that it was not subject to suit in the Local District Court in Nuernberg or that the forum was inconvenient.  Id. ¶ 9.

## II.  ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Complaint should be dismissed.  First, although Plaintiff alleges that this Court has personal jurisdiction over the parties in this case, none of the Defendants is subject to personal jurisdiction in the District of Columbia.  Second, and alternatively, the District of Columbia is not the appropriate forum to litigate Plaintiff's claims, and this case should be dismissed on the ground of *forum non conveniens*.  Third, Plaintiff lacks standing to assert its claims in the District of Columbia, as it has not registered or obtained a certificate of authority in the District.  Finally, Plaintiff has failed to plead its fraud claim with particularity as required by Federal Rule of Civil Procedure 9(b).

**A.**     **The Defendants Do Not Have Sufficient Contacts With the District of Columbia To Subject Them to the Jurisdiction of This Court.**

Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Defendants do not have sufficient contacts with the District of Columbia to subject them to the jurisdiction of this Court.

The plaintiff bears the burden of establishing the basis for a court's exercise of personal jurisdiction over a defendant. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). As such, the plaintiff must allege specific acts connecting the defendant with the forum. Second Amendment Found. v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001). In determining whether a factual basis for personal jurisdiction exists, a court should resolve factual discrepancies in favor of the plaintiff. Crane, 894 F.2d at 456. However, the court need not treat all of the plaintiff's allegations as true. Unites States v. Philip Morris Inc., 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." Id.

"In a diversity case, the court's personal jurisdiction over nonresident defendants depends upon state law, here the law of the District of Columbia, the application of which is subject to the constraints of constitutional due process." Roz Trading Ltd. v. Zeromax Group, Inc., No. 06-1040, __ F. Supp. 2d __, 2007 WL 2812760, at *4 (D.D.C. Sept. 28, 2007) (quoting Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 509 (D.C. Cir. 2002)).

Plaintiff has not specified which, if any, of the provisions of D.C. law it contends provides jurisdiction over the Defendants. Plaintiff's sole jurisdictional allegation is contained in Paragraph 4 of the Complaint, and that allegation relates to *Plaintiff's* activities in the District of Columbia, not any Defendant's activities. Plaintiff alleges that "[t]his Court has personal jurisdiction over the parties to this case in as much as this case arises from activities concerning a corporation whose principal place of business is located in the District of Columbia." Complaint, ¶ 4. However, even if the District of Columbia were Plaintiff's principal place of

business, which it is not, a plaintiff may not rely on its own activity within the forum to establish the existence of a defendant's minimum contacts.  <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958).

Regardless of Plaintiff's failure to allege any viable grounds for jurisdiction over any Defendant, no Defendant is subject to either general or specific personal jurisdiction in the District of Columbia.

1.    *No Defendant Is Subject to General Jurisdiction in the District of Columbia.*

The District of Columbia provides for the exercise of general personal jurisdiction as follows:  "A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief."  D.C. Code § 13-422.

NAWA Vertriebs-GmbH is a German entity formed in 1999 and registered in the commercial register in Nuremburg, Germany.  Kanzlsperger Declaration, ¶ 4.  Its registered office is in Berngau, Germany.  <u>Id.</u>  Mr. Bottler, Mr. Grueter, Mr. Kanzlsperger and Mr. Stern are domiciled in Germany.  Bottler Declaration, ¶ 2; Grueter Declaration, ¶ 2; Kanzlsperger Declaration, ¶ 2; Stern Declaration, ¶ 2.  Mr. Egli is domiciled in Switzerland.  Egli Declaration, ¶ 2.  Thus, none of the Defendants is subject to general jurisdiction in this Court, as none are domiciled in, organized in, or maintaining a principal place of business in the District of Columbia.

2.    *No Defendant is Subject to Specific Jurisdiction in the District of Columbia.*

The District of Columbia's long-arm statute for the assertion of specific personal jurisdiction provides, in relevant part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's —

(1)  transacting any business in the District of Columbia; . . .

(3)  causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4)  causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; . . . .

D.C. Code § 13-423.  Personal jurisdiction under the "transacting business" prong of the statute "is limited to claims arising from the particular transaction of business in the District of Columbia."  Roz Trading, 2007 WL 2182760 at *8 (internal marks and citations omitted).

 None of the factual allegations of the Complaint relates to events that took place in the District of Columbia.[2]  The central event of the Complaint – the June 21, 2003 board meeting – occurred in Germany.  Kanzlsperger Declaration, ¶ 22.  Plaintiff's allegations of conduct after the June 21, 2003 board meeting – that Mr. Kanzlsperger and NAWA Vertriebs-GmbH allegedly manufactured and sold products belonging to Plaintiff using Plaintiff's intellectual property and confidential information – also relate to conduct outside the District of Columbia.  Id. ¶¶ 22-23.  Mr. Kanzlsperger lives in Germany, and NAWA Vertriebs-GmbH is a German corporation.  NAWA Vertriebs-GmbH sells products within the European Union and does not sell any products in the United States.  Id. ¶¶ 6-7.  Therefore, Plaintiff cannot based this Court's jurisdiction on the "transacting business" prong of the long-arm statute because Plaintiff's claims

---

[2] The only contact any Defendant has with the District of Columbia is that three of them – Mr. Bottler, Mr. Kanzlsperger and Mr. Stern – attended one meeting of the NAWA USA, Inc. Board of Directors in the District of Columbia in February 2002.  However, this meeting was the first annual meeting of the shareholders and for the purpose of electing the board members.  It is not jurisdictionally significant, because Plaintiff's claims do not arise from this particular meeting.  See Roz Trading, 2007 WL 2182760 at *8.

do not arise out of the transaction of business in the District of Columbia. <u>See</u> D.C. Code § 13-423(a)(1). Further, Plaintiff cannot base jurisdiction on Section 13-423(a)(2), because none of the Defendants committed "an act or omission in the District of Columbia." <u>See id.</u> § 13-423(a)(2).

Moreover, because Plaintiff does not actually conduct business or have any presence in the District of Columbia, no tortious injury could have occurred in the District of Columbia, as required for jurisdiction under Section 13-423(a)(2) & (3). Plaintiff does not have an office or a single employee in the District of Columbia (or anywhere else in the United States, for that matter). Although Plaintiff states in the Complaint that its "principal place of business and executive offices" are in the District of Columbia, during the time period relevant to the Complaint, the company did not have an actual office in the United States. Kanzlsperger Declaration, ¶ 26. The address claimed to be the principal place of business and executive offices is a "virtual office" or business service address. <u>Id.</u> No business of Plaintiff is conducted at that location, and Plaintiff has no physical presence there. <u>Id.</u> The business service, the Regus Group, forwards any correspondence received at the D.C. address to Plaintiff in Germany. <u>Id.</u> Plaintiff's business is conducted out of its office in Nuernburg, Germany. <u>Id.</u> ¶ 23.

Under the long-arm statute of the District of Columbia, the Defendants' activities do not justify the exercise of specific jurisdiction over them.

3.      *The Exercise of Jurisdiction in This Court Would Not Comport With Due Process.*

If jurisdiction is not appropriate under the long-arm statute, it is unnecessary to consider the constitutional requirements of due process. <u>See</u> <u>Roz Trading</u>, 2007 WL 2182760 at *9.

However, the exercise of jurisdiction over these Defendants would not comport with due process in any event.

A defendant is subject to personal jurisdiction only if he has "minimum contacts with [the forum jurisdiction] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." See America's Choice, Inc. v. Harris, No. 07-0423, 2007 WL 2111041, *2 (D.D.C. July 23, 2007) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The defendant's activities and contacts within the forum must be extensive enough that "he should reasonably anticipate being haled into court there." Id. (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Based on the jurisdictional facts, none of these Defendants could have reasonably anticipated being haled into court in the District of Columbia. The Defendants' relationships with Plaintiff have been centered in Germany, because that is both where Plaintiff actually conducts its business and where five of the six Defendants are found. Plaintiff is not even registered to do business in the District of Columbia. See Attachment 2. Thus, none of the Defendants could have expected to be sued by Plaintiff in the District of Columbia for actions allegedly taken in Europe.

Further, NAWA Vertriebs has no contacts with the District of Columbia. It does not sell and has not sold any products in the United States, including in the District of Columbia. Kanzlsperger Declaration, ¶¶ 6-7. It does not now and has not ever maintained an office in the United States, including in the District of Columbia. Id. ¶ 8. It is not now and has not ever been registered to do business in the United States, including in the District of Columbia. Id. ¶ 9. It does not now and has not ever advertised or solicited business in the United States, including in

-14-

the District of Columbia.  Id. ¶ 10.  It does not now and has not ever had any employees in the United States, including in the District of Columbia.  Id. ¶ 11.  It does not now and has not ever had an agent for service of process in the United States, including in the District of Columbia. Id. ¶ 12  It does not now, and has not ever, maintained any bank account or had any telephone number in the United States, including in the District of Columbia.  Id. ¶¶ 13-14.  It does not now and has not ever owned any property in the United States, including in the District of Columbia. Id. ¶ 15.

Of the five individual Defendants, two – Mr. Egli and Mr. Grueter – have not visited the District of Columbia in connection with any business of Plaintiff, and the other three – Mr. Bottler, Mr. Kanzlsperger and Mr. Stern – attended one meeting in D.C. in 2002, which did not give rise to this litigation.  Bottler Declaration, ¶ 4; Egli Declaration, ¶ 4; Grueter Declaration, ¶ 5; Kanzlsperger Declaration, ¶ 21; Stern Declaration, ¶ 4.  None of the Defendants has any other connection to the forum.  Bottler Declaration, ¶¶ 4-9; Egli Declaration, ¶¶ 4-9; Grueter Declaration, ¶¶ 10-14; Kanzlsperger Declaration, ¶¶ 17, 36-40; Stern Declaration, ¶¶ 4-9.

The fact that Mr. Kanzlsperger was employed by Plaintiff until 2003 is not enough to subject him to jurisdiction in the District of Columbia, particularly when Plaintiff itself does not transact business in the District.  See America's Choice, 2007 WL 2111041 at *2 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)).  Mr. Kanzlsperger is a citizen of Germany and resides in Germany.  Kanzlsperger Declaration, ¶ 2.  Any employment services he performed for Plaintiff were thus undertaken in Germany, and Plaintiff has not alleged that Mr. Kanzlsperger directed any activities toward the District of Columbia.

Based on these facts, the exercise of personal jurisdiction over the Defendants in the District of Columbia would run afoul of the Constitution. Plaintiff's Complaint should be dismissed.

**B.** **The District of Columbia Is Not the Appropriate Forum to Litigate Plaintiff's Claims and the Case Should Be Dismissed On the Ground of *Forum Non Conveniens*.**

In the alternative, even if the Defendants were subject to personal jurisdiction in the District of Columbia, the Complaint should be dismissed on the ground of *forum non conveniens*, in favor of Germany.

The doctrine of *forum non conveniens* is "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." Am. Dredging Co. v. Miller, 510 U.S. 443, 453 (1994). Under *forum non conveniens*, dismissal is ordinarily appropriate "where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981). In considering whether to grant a motion to dismiss for *forum non conveniens*, a court must first determine whether the proposed alternative forum is adequate. Irwin v. World Wildlife Fund, Inc., 448 F. Supp. 2d 29, 33 (D.D.C. 2006) (citations omitted). If the alternative forum is adequate, the court then balances the private interests of the litigants and the interests of the public. Id. (citation omitted).

1.      *Plaintiff's Choice of Forum Is Not Entitled to Deference in This Case.*

Generally, a plaintiff's choice of home forum is given deference, because "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient." Piper,

-16-

454 U.S. at 255-56. "When the plaintiff is foreign, however, this assumption is much less reasonable." Id. at 256. The presumption in favor of the plaintiff's forum choice applies with less than maximum force where the real parties in interest are foreign. Id. at 261.

For all practical purposes, Plaintiff is foreign, and the real parties in interest in this case are foreign. Plaintiff is not registered to do business in the District of Columbia, and the address claimed to be the principal place of business and executive offices is a "virtual office" or business service address. See Attachment 2; Kanzlsperger Declaration, ¶ 26. No business of Plaintiff is conducted at that location, and Plaintiff has no physical presence there. Kanzlsperger Declaration, ¶ 26. During the time period relevant to the Complaint, Plaintiff's only officers and directors resided in Germany and Switzerland, and Plaintiff's current officers both reside in Germany. Id. ¶¶ 27-28. During the time pertinent to the Complaint, none of Plaintiff's shareholders was a resident of the United States, including the District of Columbia. Id. ¶ 33. Plaintiff's business was conducted out of its office in Nuernburg, Germany. Id. ¶ 23.

Under these facts, Plaintiff has not chosen its "home" forum, and its choice of forum is not entitled to deference.

2.     *Germany Is An Adequate Forum.*

In deciding whether an alternative forum is suitable, a court must "determine whether an alternative forum is available (i.e., whether defendants are amenable to process or otherwise within the forum's jurisdiction) and whether the forum is adequate (i.e., whether the parties will be deprived of all remedies or treated unfairly)." Id. (citing Piper Aircraft v. Reyno, 454 U.S. 235, 254 (1981).

Germany is clearly an available and adequate forum for Plaintiff's claims. First, all of the Defendants are subject to process and jurisdiction in Germany. See Declaration of Dr. Ulrich Lohmann[3] ("Lohmann Declaration") (Attachment 7 hereto), ¶¶ 3-4. NAWA Vertriebs-GmbH, Mr. Bottler, Mr. Grueter, Mr. Kanzlsperger and Mr. Stern are subject to process and jurisdiction in Germany pursuant to express statutory provisions, as individuals and corporations resident in Germany. Id. ¶ 3. Mr. Egli, as a citizen and resident of Switzerland, also is subject to process and jurisdiction in Germany pursuant to the provisions of the Lugano Convention on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters.[4] Id. ¶ 4.

---

[3]     Dr. Ulrich Lohmann is a partner in the law firm *v. Boetticher Hasse Lohmann – Partnerschaft von Rechtsanwälten* in Frankfurt am Main, Germany. He is admitted to the German Bar and has practiced law in Germany since 1983, focusing on international corporate and financing transactions and dispute resolution.

[4]     The Lugano Convention governs jurisdiction in civil and commercial matters in transborder cases involving one party resident in a member state of the European Union, such as Germany, and another in a country that is a member state of the European Economic Area but not of the European Union, such as Switzerland. Pursuant to its provisions, an individual resident in Switzerland is subject to process and jurisdiction in Germany in certain cases. Lohmann Declaration, ¶ 4. At least three provisions of the Convention would apply in the case at bar.

First, under Article 6, Section 1 of the Convention, a German court would have jurisdiction if, as here, the complaint is directed against more than one defendant of whom one is resident in Germany. This section confers on a German court jurisdiction over Mr. Egli for all counts of the Complaint. Id. ¶ 4(a). Second, under Article 16, Section 2 of the Convention, a German court would have exclusive jurisdiction in proceedings which have as their object the decisions of boards of directors or other corporate decision-making bodies of a company or other legal person resident in Germany. Id. ¶ 4(b). This provision applies because Plaintiff has its principal place of business in Germany. Finally, under Article 5, Section 3 of the Convention, a German court would have jurisdiction in matters relating to torts, if the harmful event occurred in Germany. This provision applies because the Complaint alleges tortious conduct on the part of the Defendants at meetings of the Plaintiff's board of directors, and other tortious acts (for example the transfer of the shares in NAWA Vertriebs-GmbH), all of which occurred in Germany. Id. ¶ 4(c).

Second, a German court is available to resolve the disputes. German law recognizes claims that are similar or comparable to the claims in the Complaint. Id. ¶ 1. In particular, German law recognizes claims such as those asserted in the Complaint, i.e., claims based on breach of contract,[5] fraud,[6] theft and conversion,[7] unfair competition[8] and breach of fiduciary duty.[9] Id. The remedies available under German law are similar to the remedies sought in the Complaint. Id. ¶ 2. Remedies such as those sought by the Complaint, i.e., an order for the payment of money damages as well as injunction, declaratory relief and an accounting based on breach of contract, fraud, theft and conversion, unfair competition and breach of fiduciary duty, are routinely granted by courts in Germany.[10] Id.

Additionally, federal courts across the country have concluded that Germany is an adequate forum for a variety of contract and tort claims. See, e.g., Fagan v. Deutsche Bundesbank, 438 F. Supp. 2d 376, 382 (S.D.N.Y. 2006) (Germany is an adequate forum for libel and defamation); Bonzel v. Pfizer, Inc., No. 04-1401, 2004 WL 2475564, at *15-16 (D. Minn. Nov. 2, 2004) (Germany is adequate forum for breach of contract and tort claims); Helog v.

---

[5]      Id. ¶ 1 (citing § 280 of the German Civil Code).

[6]      Id. (citing § 823 (2) and § 826 of the German Civil Code).

[7]      Id.

[8]      Id. (citing § 3 of the German Unfair Competition Act).

[9]      Id. (citing *Winter/Seibt* in: *Scholz*, GmbHG, 10th Edition (2006), § 14 no. 51 *et seq.*).

[10]      Punitive damages are, as a general rule, not available under German law, and a German court would not enforce a decision of a foreign court if and to the extent that it awards punitive damages. Id. ¶ 2. However, the unavailability of punitive damages does not mean that an alternative forum is inadequate. See Leon v. Million Air, Inc., 251 F.3d 1305, 1310 (11th Cir. 2001) (unavailability of punitive damages in alternative forum is irrelevant); Creative Tech., Ltd. v. Aztech System Pte., Ltd., 61 F.3d 696, 701-02 (9th Cir. 1995) ("A court may dismiss on forum non conveniens grounds even though the foreign forum does not provide the same range of remedies as are available in the home forum.").

Kama Aerospace Corp., 228 F. Supp. 91, 93 (D. Conn. 2002) (Germany is an adequate forum for products liability and wrongful death claims); Hull 753 Corp. v. Elbe Flugzeugwerke GmbH, 58 F. Supp. 2d 925, 928-29 (N.D. Ill. 1999) (Germany is an adequate forum for breach of contract and Deceptive Trade Practices Act claims); see also Windt v. Qwest Comm's Int'l, Inc., No. 04-3026, WL 2987097, at *14 (D.N.J. Oct. 16, 2006) (citing Tom McNamara, *International Forum Selection and Forum Non Conveniens*, 34 INT'L LAW 558, 560-61 (2000), listing the 13 foreign forums that U.S. courts have consistently deemed as adequate alternate forums in 1999, of which Germany is one).

Moreover, at least three cases between parties to the case at bar have already been filed in the Local District Court of Nuernberg, Germany.  Grueter Declaration, ¶ 7.  Mr. Stern, Mr. Egli and Mr. Bottler filed separate suits against Plaintiff for fees owed to them as directors of Plaintiff in 2003.  Id.  Notably, Plaintiff did not claim that it was not subject to suit in the Local District Court in Nuernberg or that the forum was inconvenient or inadequate for those claims.  Id. ¶ 9.

Because Plaintiff can assert its claims against the Defendants in Germany, the courts of Germany are an adequate alternative forum for Plaintiff's claims.  See Irwin, 448 F. Supp. 2d at 34 (Gabon was adequate forum because the legal system "would allow plaintiffs to maintain an action against defendant to recover for injuries cause by defendant, Gabonese law recognizes claims that are similar or comparable to the claims in the complaint, and these type of claims are routinely heard in Gabon"); BPA Int'l, Inc. v. Kingdom of Sweden, 281 F. Supp. 2d 73, 85 (D.D.C. 2003) (holding alternative forum of Sweden was adequate because the plaintiff could assert its claims in the forum and because the defendants were subject to jurisdiction in Sweden).

3.      *The Private Interest Factors Favor Dismissal.*

The private interest factors to be considered in a motion to dismiss for *forum non conveniens* are: (1) relative ease of access to the sources of proof; (2) the availability of process for compelling unwilling witnesses; (3) the cost for obtaining attendance of willing witnesses; (4) the possibility of inspecting the premises, if appropriate; and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  Irwin, 448 F. Supp. 2d at 34 (citation omitted).

The applicable private interest factors favor dismissal of this case.  First, Plaintiff's claims arise out of actions occurring in Germany, and so access to the sources of proof would be much easier if the case were litigated in Germany instead of in the District of Columbia.  See id. at 34 (factor favored dismissal where claims were predicated solely on conduct in Gabon); BPA Int'l, 281 F. Supp. 2d at 86 (finding access to sources of proof would be easier if case were heard in Sweden, where the plaintiff's claims arose out of actions in Sweden).

Second, there are no conceivable witnesses in the United States.  Most of the witnesses and most, if not all, of the evidence is located in Germany.  This Court has previously noted that "[t]he availability of process for unwilling witnesses is . . . a primary concern to the Court." Irwin, 448 F. Supp. 2d at 35.  Unwilling non-party witnesses would be beyond the reach of compulsory process if the case proceeded in the District of Columbia.

The cost of obtaining witnesses' attendance – both party witnesses and non-party witnesses – will be significantly less if the case is heard in Germany.  Even *Plaintiff's* current officers reside in Germany.  Continuing this case in the District of Columbia will necessitate overseas travel of either the lawyers or the parties during pre-trial depositions, at considerable

expense.  For the trial of this case in the District of Columbia, *all* of the parties – Plaintiff's

representatives and all of the Defendants – will necessarily have to travel overseas from

Germany and Switzerland to be present in the District of Columbia, instead of litigating the case

in their proverbial backyards in Germany.

This case has only a trifling connection with the District of Columbia; the case's only

contact with the forum is that the Plaintiff has a maildrop in Washington, D.C.  The private

interest factors thus strongly support dismissal.  See BPA Int'l, 281 F. Supp. 2d at 86 (finding

that none of the events and none of the parties had a connection with the District of Columbia,

except that one defendant – the Kingdom of Sweden – had an embassy in the forum, and

concluding dismissal was warranted).

4.      *The Public Interest Factors Favor Dismissal.*

"The public interest factors to be considered in a *forum non conveniens* analysis include:

(1) administrative difficulties cause by foreign litigation congesting local court dockets; (2) local

interest in having localized controversies decided at home; (3) imposing jury duty on residents of

a jurisdiction having little relation to the case; and (4) avoiding unnecessary problems in choice-

of-law and the application of foreign law."  Irwin, 448 F. Supp. 2d at 35 (citation omitted).

The administrative difficulties weigh in favor of dismissal.  "The administrative

difficulties of trying this case in a forum thousands of miles away from the majority of the

witnesses and the evidence are obvious."  Id. at 35-36 (internal marks and citation omitted).

Although the individual Defendants speak English, German is the national language of Germany.

Non-party witnesses may not speak English.  The books and records of both Plaintiff and

NAWA Vertriebs-GmbH are in the German language.  Kanzlsperger Declaration, ¶¶ 16, 34.

Therefore, both testimony and documentary evidence would need to be translated into English from German.

Further, Germany has a far stronger interest in this controversy than the District of Columbia, as Plaintiff conducts business out of a German office, NAWA Vertriebs-GmbH is a German entity, all but one of the individuals involved are German, and the acts alleged in the Complaint took place in Germany. Moreover, Germany has already signaled its interest in Plaintiff, with the commencement by the public prosecutor's office for Nuremburg-Fuerth against Plaintiff for fraud and embezzlement in connection with the placement of Plaintiff's shares. Kanzlsperger Declaration, ¶ 35. That investigation is ongoing.

Additionally, there is also "no reason to impose jury duty on District of Columbia residents who have little relationship to this case." Irwin, 448 F. Supp. 2d at 36. As noted above, this case's only contact with the forum is that the Plaintiff has a maildrop in the District of Columbia. This contact is insufficient to impose the burden of this litigation on the District of Columbia. See Stromberg v. Marriott Int'l, Inc., 474 F. Supp. 2d 57, 63 (D.D.C. 2007) ("The District's highly burdened jury pool would also benefit by not bearing the responsibility of hearing this case, which relates in only the slightest degree to the District and to the interests of its citizens.").

Finally, litigating this dispute in this Court raises a number of choice of law questions. Under District of Columbia law, which a federal court sitting in diversity must apply, the law of the place that has the most significant relationship to the parties and the transaction governs the claims. See Kroger v. LegalBill.com, LLC, 436 F. Supp. 2d 97, 104 (D.D.C. 2006) (citations omitted) (stating standard for contract actions); Clayton v. Eli Lilly Co., 421 F. Supp. 2d 77, 80

(D.D.C. 2006) (citations omitted) (stating standard for tort actions).  The great majority of the claims will likely require the interpretation of German law, as all of the conduct giving rise to the Complaint occurred in Germany and any alleged impact to Plaintiff must have also occurred in Germany.[11]  Thus, this factor weighs in favor of dismissal.  See Irwin, 448 F. Supp. 2d at 36 (dismissal warranted in favor of Gabon because "[m]any of the legal questions require the interpretation of Gabonese law, and Gabon is in the best position to interpret and apply its own law").

Based on the adequacy of Germany as the alternative forum and balancing the private interests and public interests, this case should be dismissed under the doctrine of *forum non conveniens*.

**C.     Plaintiff Lacks Standing to Assert Its Claims in This Court.**

Plaintiff asserts that its principal place of business and executive offices are in the District of Columbia.  Complaint, ¶ 6.  If the Court accepts that allegation as true, Plaintiff cannot pursue its claims in this Court, because it is a Delaware corporation transacting business in the District without a certificate of authority.  Therefore, the Complaint must be dismissed pursuant to the District of Columbia's "door-closing statute," D.C. Code Ann. § 29-101.119.

The door-closing statute provides, in pertinent part:

No foreign corporation . . . which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity

---

[11]     One claim in this case, Plaintiff's claim for breach of fiduciary duty against the four individual defendants who served as directors, may be governed by Delaware law, under the internal affairs doctrine.  See VantagePoint Venture Partners 1996 v. Examen, Inc., 871 A.2d 1108, 1112-13 (Del. 2005).  However, none of the claims will be governed by the laws of the District of Columbia, as the District has no relationship to the dispute, let alone a "significant" one.  Germany clearly has the most significant relationship to the parties and the transactions.

in any court of the District until such corporation shall have obtained a certificate
of authority.

D.C. Code Ann. § 29-101.119(a).

This statute bars a foreign corporation from bringing an action in a District of Columbia
court unless it has obtained a certificate of authority.  ILC Corp. v. Latino Newspaper, Inc., 747
F. Supp. 85, 87 (D.D.C. 1990).  The statute "applies with equal force to this Court sitting in
diversity."  Id.; see also Tel. & Data Sys., Inc. v. Am. Cellular Network Corp., 966 F. Supp. 696,
699 (D.D.C. 1992) (federal court in the District of Columbia sitting in diversity must apply the
door-closing statute).

The Department of Consumer and Regulatory Affairs of the District of Columbia has no
record that Plaintiff has completed the required registrations.  The Department has certified that
"NAWA USA, INC. IS NOT OF RECORD as either a domestic entity organized in the District
of Columbia or a foreign entity registered to transact business."  See Attachment 2 (emphasis in
original).  Because Plaintiff has not registered with the District of Columbia and obtained a
certificate of authority, the door-closing statute bars it from pursuing its claims in this Court.  Its
Complaint should be dismissed.

**D.      Plaintiff Has Failed to Plead Its Fraud Claim With the Requisite Particularity.**

Should the Court determine that any Defendant is subject to personal jurisdiction in this
Court and that the case should proceed in this forum, Plaintiff's fraud claim should be dismissed
based on Plaintiff's failure to plead fraud with the requisite particularity.

Under Federal Rule of Civil Procedure 9(b), "[i]n all averments of fraud or mistake, the
circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P.
9(b).  This heightened pleading standard "requires that the pleader . . . state the time, place and

content of the alleged false misrepresentations, and fact misrepresented and what was retained or given up as a consequence of the fraud." United States ex rel. Williams v. Martin-Baker Aircraft Co., 389 F.3d 1251, 1256 (D.C. Cir. 2004) (internal citations omitted). Allegations of fraud must address each defendant individually and plead each instance of fraud with particularity. In re Newbridge Networks Secs. Litig., 962 F. Supp. 166, 170-71 (D.D.C. 1997). This standard applies to pleadings regardless of what substantive law applies. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297 (3d ed. 2004) ("Rule 9(b) is a special pleading requirement, . . . [which] govern[s] in all civil actions, including all suits in which subject matter jurisdiction is based on diversity of citizenship [and] . . . the law of the state in which the district court sits will control the content of the elements of a fraud claim.")

"Rule 9(b) . . . was designed to discourage meritless fraud accusations, to prevent serious damage to the reputation of the defending party from baseless claims, and to deter claimants from adding broad fraud allegations to induce advantageous settlements." Shekoyan v. Sibley Int'l Corp., 217 F. Supp. 2d 59, 73 (D.D.C. 2002) (citations omitted). "Conclusory allegations that a defendant's actions were fraudulent and deceptive are not sufficient to satisfy Rule 9(b)." Id. (citation omitted).

Even given a generous reading, Plaintiff's fraud claim fails to meet the requirements of Rule 9(b) in every respect and is the very picture of "conclusory allegations." Plaintiff does not plead when any alleged fraud and deceit occurred. Plaintiffs does not plead where any false statement or omission was made. Plaintiff does not plead the content of any false statement or omission on the part of any Defendant. Plaintiff does not even attempt to address each defendant individually, instead grouping them all together in its exceedingly general allegations. In fact,

and further underscoring its generality, Plaintiff's fraud claim is virtually indistinguishable from its other claims for theft and conversion, unfair competition and breach of fiduciary duty.

Rule 9(b) requires more.  Because Plaintiff has failed to plead fraud with even a modicum of particularity, the fraud claim should be dismissed as to all Defendants.

### III.  CONCLUSION

For the foregoing reasons, Defendants Hans-Georg Bottler, Ferdy Egli, Alexander Grueter, Peter Kanzlsperger, Bernd Stern and NAWA Vertriebs-GmbH respectfully request that this Court dismiss the Complaint against them in its entirety, or, in the alternative, dismiss the fraud claims against them because Plaintiff has failed to plead that claim with the requisite particularity.

This 21st day of November, 2007.

By: /s/ Joseph Semo
Joseph Semo
D.C. Bar No. 237461
SEMO LAW GROUP
1800 M Street, N.W.
Suite 730S
Washington, DC 20036
Direct Dial: 202 833 7366
Facsimile: 202 478 0919
E-mail: joesemo@joesemo.com

Of Counsel:

Dana M. Richens
Rachel King Powell
SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia  30309-3592
Tel (404) 815-3500
Fax (404) 815-3509
E-mail:  drichens@sgrlaw.com
         rpowell@sgrlaw.com

-27-

## **CERTIFICATION**

I, Joseph Semo, counsel for Defendants, do hereby certify that I electronically filed with the Clerk of Court the foregoing Defendants' Memorandum of Law in Support of Their Motion to Dismiss, using the CM/ECF system, which will notify all parties below.

Stephen A. Weitzman, Esq.
4950 Ready Brook Lane
Columbia, MD 21044

This 21st day of November, 2007.

 /s/ Joseph Semo
Joseph Semo