## v. BOETTICHER HASSE LOHMANN
### PARTNERSCHAFT VON RECHTSANWÄLTEN

v. BOETTICHER HASSE LOHMANN
POSTFACH 22 14 53, 80504 MÜNCHEN

**MÜNCHEN**
DIETRICH VON BOETTICHER, LL.M.
  ATTORNEY AT LAW (USA)
DR. BODO HASSE, LL.M.
DR. ANGELIKA HOCHE, M.C.J.
DR. JOACHIM GÜNTZER
DR. STEPHAN RETTENBECK
DR. CLAUDIA BÖHM
DR. JULIA MATTES*
DR. HOLGER KESSEN
JENS HORSTKOTTE
DR. KRISTINA PLANK
DR. NINA FREIBURG*
DR. KATJA HERBERG*
DR. OLIVER STÖCKEL*

WIDENMAYERSTRASSE 4
80538 MÜNCHEN
TEL 089/22 33 11
FAX 089/21 21 59 59
E-MAIL info@boetticher.com

**BERLIN**
DR. ULRICH BLOCK, LL.M.
DR. ANSELM BRANDI-DOHRN
  MAÎTRE EN DROIT
  FACHANWALT FÜR GEWERBLICHEN
  RECHTSSCHUTZ
DR. ERNST LUDWIG GANZERT*
DR. MAXIMILIAN SCHENK*
DR. MARTIN HECKELMANN, LL.M.*

ORANIENSTRASSE 164
10969 BERLIN
TEL 030/61 68 94 03
FAX 030/61 68 94 56
E-MAIL info@boetticher.com

**FRANKFURT AM MAIN**
DR. ULRICH LOHMANN, LL.M.
DR. BURKHARD RINNE, LL.M.
  ATTORNEY AT LAW (NEW YORK)
DR. CORNELIA SUMM

FREIHERR-VOM-STEIN-STRASSE 11
60323 FRANKFURT AM MAIN
TEL 069/71 71 29 80
FAX 069/71 71 29 81 0
E-MAIL info@boetticher.com
* nicht Mitglied der Partnerschaft

### Declaration
### to be submitted to the United States District Court, District of Columbia

Regarding Civil Action No. 06-CV-1150 (RMC)
Nawa USA, Inc.

against

Dr. Hans-Georg Bottler,
Ferdi Egli,
Bernd Stern,
Peter Kanzlsperger,
Nawa Vertriebs-GmbH and
Alexander Gruter

I, the Undersigned, am a partner in the law firm of *v. Boetticher Hasse Lohmann – Partnerschaft von Rechtsanwälten* in Frankfurt am Main, Germany. The law firm of *Smith, Gambrell, & Russell, LLP*, Atlanta, Georgia, USA, has requested my opinion on the German law issues stated below. These have been brought up in the Civil Action captioned above (the **Proceedings**) initiated by Nawa USA, Inc. (the **Plaintiff**) against Dr. Hans-Georg Bottler, Ferdi Egli, Bernd Stern, Peter Kanzlsperger, Nawa Vertriebs-GmbH and Alexander Gruter (the **Defendants**).

Pursuant to 28 U.S.C. § 1746, I, Dr. Ulrich Lohmann, declare under penalty of perjury of the

**v. BOETTICHER HASSE LOHMANN**
PARTNERSCHAFT VON RECHTSANWÄLTEN

laws of the United States of America that the following Declaration is true, accurate, and correct.

I have been educated at the Universities of Freiburg im Breisgau, Lausanne, California at Berkeley (*LL.M.*, 1982) and Cologne (*Doctor juris*, 1984), focusing on comparative law and on the rules governing the conflict of laws. I was admitted to the German bar in 1982. Since 1983, I have been practicing law, focusing on international corporate and financing transactions and dispute resolution.

I am a member of the Frankfurt Bar Association, the International Bar Association (Dispute Resolution Section – Arbitration Committee and Financial Services Section – Capital Markets Forum), the German American Lawyers Association (DAJV), the German Association for Law and Informatics (DGRI), the German Arbitration Association (DIS), the Licensing Executives Society (LES) and the German Corporate Law Society (VGR) and an Associate Member of the Chartered Institute of Arbitrators.

### I.     Facts and Documents Reviewed

I have reviewed non-certified copies of:

(1)   The complaint filed in the Proceedings on June 23, 2006 (the **Complaint**);

(2)   The order of United States District Court, District of Columbia (the **Court**) on the Proceedings dated June 20, 2007;

(3)   Plaintiff's motion for reconsideration of the Court's minute entry order of June 20, 2007, dismissing Plaintiff's complaint against defendants Dr. Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger and Alexander Gruter;

(4)   The order of Court dated July 6, 2007;

(5)   The Plaintiff's response to the Court's show cause order of July 6, 2007, and Plaintiff's request for an order of default against Nawa Vertriebs-GmbH;

(6)   The order of the Court on the Proceedings dated July 19, 2007;

(7)   The Plaintiff's response to the Court's show cause order of July 19, 2007;

(8)   The order of the Court on the Proceedings dated July 20, 2007;

(9)   The order of the Court on the Proceedings dated September 28, 2007;

v. BOETTICHER HASSE LOHMANN
PARTNERSCHAFT VON RECHTSANWÄLTEN

(10) The Plaintiff's Memorandum of points and authorities in opposition to the motions of defendants Dr. Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger and Alexander Gruter to dismiss Plaintiff's complaint; and

(11) The Plaintiff's Memorandum of points and authorities in opposition to the several motions of defendants Dr. Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger, Nawa-Vertriebs GmbH and Alexander Gruter to dismiss Plaintiff's complaint or, in the alternative, to quash service of process upon all defendants.

I have not reviewed, and do not represent to have reviewed, any documents other than those listed above.

I understand that

- The Plaintiff alleges that its principal place of business is in the United States, while the defendants allege that Plaintiff's principal place of business is in Germany, where Plaintiff is also resident for tax purposes;

- Defendants Dr. Hans-Georg Bottler, Bernd Stern, Peter Kanzlsperger, Nawa Vertriebs-GmbH and Alexander Gruter are resident in Germany;

- Defendant Ferdi Egli is resident in Switzerland;

- the claims asserted in the Complaint are for the payment of money based on breach of contract, fraud, theft and conversion, unfair competition and breach of fiduciary duty; and

- the Plaintiff is also seeking an injunction, declaratory relief and an accounting.

## II. Request

I have been requested to provide a declaration with respect to the following questions (in each case, under German law):

1. Does German law recognize claims that are similar or comparable to the claims in the Complaint?

2. Are the remedies available under German law similar to the remedies sought in the Complaint?

3. Are individuals and corporations resident in Germany subject to process and jurisdiction in Germany?

v. BOETTICHER HASSE LOHMANN
PARTNERSCHAFT VON RECHTSANWÄLTEN

4. Are individuals resident in Switzerland subject to process and jurisdiction in Germany?

5. If a Defendant who is not subject to the jurisdiction of the German courts consents to the jurisdiction of a German court, may the German courts properly exercise jurisdiction over such Defendant?

### III. Declaration

1. German law recognizes claims that are similar or comparable to the claims in the Complaint.

   German law does not limit the type of claims that can be asserted in court. Rather, any claim that is provided for, expressly or by implication, by a statute or contract can be pursued in court. In particular, German law recognizes claims such as those sought by the Complaint, i.e., claims based on breach of contract,[1] fraud,[2] theft and conversion,[3] unfair competition[4] and breach of fiduciary duty.[5]

2. The remedies available under German law are similar to the remedies sought in the Complaint.

   Remedies such as those sought by the Complaint, i.e., an order for the payment of money as well as injunction, declaratory relief[6] and an accounting based on breach of contract, fraud, theft and conversion, unfair competition and breach of fiduciary duty are routinely granted by courts in Germany.[7]

   However, punitive damages are, as a general rule, not available under German law, and a German court would not enforce a decision of a foreign court if and to the extent that it awards punitive damages.[8]

---

[1] § 280 of the German Civil Code (*BGB*) (**Civil Code**)

[2] § 823 (2) and § 826 of the Civil Code

[3] *ibid.*

[4] § 3 of the German Unfair Competition Act (*UWG*)

[5] See, for example, for breach of fiduciary duties as shareholder of a German company with limited liability, *Winter/Seibt* in: *Scholz*, GmbHG, 10th Edition (2006), § 14 no. 51 et seq.

[6] § 256 of the German Code of Civil Procedure (*ZPO*) (**Code of Civil Procedure**)

[7] See *Zöller*, ZPO, 65th Edition (2007), Grundz. § 253 no. 30 et seq. and no. 42 et seq.

[8] BGH, judgment dated June 4, 1992, BGHZ 118, 312

v. BOETTICHER HASSE LOHMANN
PARTNERSCHAFT VON RECHTSANWÄLTEN

3. Individuals and corporations resident in Germany are subject to process and jurisdiction in Germany pursuant to express statutory provisions.[9]

4. Individuals resident in Switzerland are subject to process and jurisdiction in Germany pursuant to the provisions of the **Lugano Convention**.[10]

The Lugano Convention governs jurisdiction in civil and commercial matters in transborder cases involving one party resident in a Member State of the European Union, such as Germany, and another in a country that is a Member State of the European Economic Area but not of the European Union, such as Switzerland. Pursuant to its provisions, an individual resident in Switzerland is subject to process and jurisdiction in Germany in certain cases. Several of these apply here:

(a) *Several Defendants.* Under Art. 6 Sec. 1 of the Lugano Convention, the German court would have jurisdiction if, as here, the complaint is directed against more than one defendant of whom one is resident in Germany. In this case, the German court would have jurisdiction also over the Swiss defendant regardless of the subject matter of the complaint. Art. 6 Sec. 1 therefore would confer on the German court jurisdiction over the Swiss Defendant for all counts of the Complaint.

(b) Under Art. 16 Sec. 2 of the Lugano Convention, the German court would have exclusive jurisdiction (and the Swiss courts would not have jurisdiction) in proceedings which have as their object the decisions of boards of directors or other corporate decision-making bodies of a company or other legal person resident in Germany. This provision would apply if the Plaintiff has its principal place of business in Germany, as alleged by Defendants.

(c) *Tort.* Under Art. 5 Sec. 3 of the Lugano Convention, the German court would have jurisdiction in matters relating to tort, if the harmful event occurred in Germany. This provision would apply if and to the extent that the Complaint is based on tort, considering that the Complaint alleges tortious conduct on the part of the Defendants which is alleged to have occurred at meetings of the Plaintiff's board of directors or other acts (for example the transfer of the shares in Nawa-Vertriebs GmbH), all of which occurred in Germany.

---

9   § 13 of the Code of Civil Procedure for individuals, § 17 of the Code of Civil Procedure for legal entities

10  Lugano Convention on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters, BGBl. 1990 II 265. On 30 October 2007, the European Community and Iceland, Norway and Switzerland signed the new Lugano Convention on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters. The new Lugano Convention, however, has not yet been ratified in Germany or Switzerland and therefore does not apply here.

v. BOETTICHER HASSE LOHMANN
PARTNERSCHAFT VON RECHTSANWÄLTEN

5.  If a Defendant who is not subject to the jurisdiction of the German courts consents to the jurisdiction of a German court, the German courts may properly exercise jurisdiction over such Defendant.

    Under Art. 17 of the Lugano Convention, the German court would have exclusive jurisdiction (and the Swiss courts would not have jurisdiction) if the parties have agreed, either in writing or in certain other forms, either before or after the dispute arose, that the German court shall have jurisdiction.

This declaration is limited to the application of the laws of the Federal Republic of Germany.

Frankfurt am Main, November 20, 2007

_____
Dr. Ulrich Lohmann, LL.M., ACIArb
Partner
v. Boetticher Hasse Lohmann – Partnerschaft von Rechtsanwälten