UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| NAWA USA, INC., | ) |
|     Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No.: ) 06-CV-1150 (RMC) ) |
| DR. HANS-GEORG BOTTLER, FERDI EGLI, BERND STERN, PETER KANZLSPERGER, NAWA VERTRIEBS-GMBH, and ALEXANDER GRUTER, | ) ) ) ) ) ) |
|     Defendants. | ) ) |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS**

Defendants Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger, Alexander Grueter and NAWA Vertriebs-GmbH offer this reply brief in further support of their Motion to Dismiss.

Plaintiff has completely failed to meet its burden of establishing the basis of personal jurisdiction in this Court over any Defendant. See Crane v. N.Y. Zoological Soc'y, 894 F. 2d 454, 456 (D.C. Cir. 1990). Moreover, Plaintiff has failed to provide any reason that this case should not be dismissed on grounds of *forum non conveniens*. As set forth in the Defendants' initial brief, and as further explained herein, the Complaint against the Defendants should be dismissed in its entirety.

A.    **This Court Lacks Personal Jurisdiction Over Any Defendant.**

Plaintiff does not seriously dispute any of the facts stated by the Defendants in support of

their motion to dismiss.[1]  Plaintiff's jurisdictional argument is based almost entirely on one board meeting that three of the individual Defendants attended in the District of Columbia in February of 2002--a board meeting wholly unrelated to any of Plaintiff's claims.  Plaintiff's main contention is that the Defendants are subject to this Court's jurisdiction because they were board members of a corporation with a place of business in the District of Columbia.  This contention is unsupported by the law or the facts.

First, and notably, Plaintiff does not cite a single case supporting its position that board members are subject to suit wherever a corporation claims to do business (or even actually does business).  In fact, courts have held in other contexts that officers and directors of a corporation are *not* subject to personal jurisdiction in a forum simply because the corporation has contacts with the forum, and that an individual defendant's contacts with a forum must be separately evaluated.  See, e.g., Flocco v. State Farm Mut. Auto. Ins. Co., 752 A.2d 147, 163 (D.C. 2000) (rejecting exercise of jurisdiction over officers and directors when they were "clearly not 'doing business' within the District of Columbia" and were "merely employees of a company that has contacts with the District").

Second, as demonstrated in the Defendants' initial brief, Plaintiff is a *Delaware* corporation and does not actually have a place of business in the District of Columbia.  Plaintiff admits that its D.C. address is only an "office rental firm" or business service address. (Response Brief, p. 3.)  Plaintiff admits that it has no full-time office or staff in D.C. (Id.)  Plaintiff admits that all of its employees reside in Germany. (Id.)  Indeed, if one wished to call

---

[1]   Indeed, the facts presented by the Defendants are the only competent evidence before the Court.  Although Plaintiff makes some allegations of fact in its response brief, it has filed with the Court no declarations, affidavits or other sworn statements.

on Plaintiff in the District of Columbia, one would find no physical office to visit and no actual employee to contact in the District.

The three Defendants who attended the 2002 board meeting traveled to the District of Columbia for the initial meeting of the board of a Delaware corporation. At the time of the meeting (and well after Plaintiff filed its Complaint), Plaintiff was not registered to do business in D.C. (See Exhibit B to Response Brief, indicating a Certificate of Authority was not issued to Plaintiff until November 20, 2007.) Nothing in the record supports Plaintiff's unverified allegation that it "intended" to do business in the District of Columbia. And, even if it intended to do business in D.C., it never established an office or located any employee in the District. All other meetings of the board of directors took place in Germany. (Declaration of Peter Kanzlsperger, ¶ 22.) All of Plaintiff's business is conducted out of its office in Germany. (Id. ¶ 23.) In short, the 2002 meeting represents a one-time board activity in D.C. that predates, and does not relate to, Plaintiff's claims.

Because (1) Plaintiff is not a D.C. corporation; (2) Plaintiff was not doing business in the District of Columbia at the time of the 2002 meeting; (3) Plaintiff does not currently have an office or any operations in the District of Columbia; and (4) the board held all other meetings in Germany, where Plaintiff actually has offices, it is difficult to fathom how any Defendant who attended the 2002 meeting could reasonably have anticipated being haled into this Court for the claims asserted in Plaintiff's Complaint.

Moreover, Plaintiff does not explain how the 2002 meeting could be a contact with this forum by Defendant Alexander Grueter, who is not a board member and did not attend the meeting, or Defendant NAWA Vertriebs-GmbH, a corporate entity. Plaintiff also intimates that one Defendant, Ferdy Egli, attended the 2002 meeting by phone, but provides no evidence in

support of that allegation. The minutes of the meeting attached to Plaintiff's response brief as Exhibit F merely state that Mr. Egli was "not present," and Mr. Egli's declaration clearly demonstrates that he did not attend.

Plaintiff has not even come close to alleging any facts that support jurisdiction over any of the Defendants in the District of Columbia. The Complaint against them should be dismissed.

**B.     The Court Should Decline To Adjudicate This Case On The Ground Of *Forum Non Conveniens*.**

This Germany-centric dispute clearly calls for the exercise of this Court's sound discretion in dismissing this case in favor of a German forum.

The Defendants have established that Germany is an adequate forum for each of Plaintiff's claims. In fact, Plaintiff did not address the adequacy issue at all, and Defendants' "arguments and factual assertions [as to the German forum] thus are unrebutted." BPA Int'l, Inc. v. Kingdom of Sweden, 281 F. Supp. 2d 73, 85 (D.D.C. 2003).

Regarding the private interest factors, they overwhelmingly favor dismissal. All of the parties are in Germany, with the exception of Mr. Egli, who resides in Switzerland. Plaintiff admits that documents will be produced in Germany and that depositions will be taken in Germany. (Response Brief, p. 22.) Plaintiff can muster the name of only a single potential witness who is present anywhere in the United States, and this witness is an attorney who attended the 2002 board meeting and who is not even located in the District of Columbia, but in Maryland. (Moreover, it is entirely unclear what testimony or other evidence this witness would have regarding Plaintiff's claims. All of the conduct at issue in this case occurred in Germany, and none of Plaintiff's claims arises out of the 2002 board meeting anyway.)

Turning to the public interest factors, they also overwhelmingly favor dismissal. Plaintiff's main argument against dismissal in favor of a German forum is that its claims will be governed by Delaware law (ignoring the obvious fact that this Court does not sit in Delaware). Plaintiff undertakes no conflicts of law analysis to support its contention. Plaintiff completely disregards the fact that four of its five claims are tort claims related to conduct in Germany, where Plaintiff's business is conducted, that could not conceivably be governed by Delaware law. Indeed, the Defendants have already demonstrated that only one of Plaintiff's claims is even potentially governed by Delaware law, and that all of Plaintiff's other claims will be governed by German law. (Defendants' Opening Brief, p. 22-23 & n. 11.) *None* of Plaintiff's claims will be decided under the laws of the District of Columbia.

Again, the District of Columbia has no possible interest in this dispute. Plaintiff is not incorporated in D.C. and does not have an office or presence in D.C. None of the alleged harm to Plaintiff could have occurred in D.C., and *all* of the actions forming the basis of the Complaint occurred in Germany.

There is simply no reason for this case to be litigated in the District of Columbia. The case should be dismissed under the doctrine of *forum non conveniens*.

**C.     Plaintiff Should Not Be Permitted To Replead Its Fraud Claim.**

It appears that Plaintiff has withdrawn its fraud claim. (Response Brief, p. 26 ("Plaintiff respectfully removes the claim of fraud").) Plaintiff acknowledges that it cannot now plead fraud against any of the Defendants. It is unclear when or how Plaintiff plans to attempt to amend its Complaint. Defendants suggest that Plaintiff should not be allowed to amend its Complaint, as it would be futile; Plaintiff has previously failed to plead facts anywhere in its 30-page Complaint that would give rise to a cognizable fraud claim. Moreover, Plaintiff should not

be permitted to amend its Complaint without leave of court, because the Defendants have already served a responsive pleading. See Fed. R. Civ. P. 15(a).

**D.    Conclusion**

For the foregoing reasons, and for the reasons set forth in their initial brief, Defendants Hans-Georg Bottler, Ferdy Egli, Bernd Stern, Peter Kanzlsperger, Alexander Grueter and NAWA Vertriebs-GmbH respectfully request that the Court dismiss the Complaint against them in its entirety.

This 22nd day of January, 2008.

By: /s/ Joseph Semo
Joseph Semo
D.C. Bar No. 237461
SEMO LAW GROUP
1800 M Street, N.W.
Suite 730S
Washington, DC 20036
Direct Dial: 202 833 7366
Facsimile: 202 478 0919
E-mail: joesemo@joesemo.com

Dana M. Richens
Rachel King Powell
SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia  30309-3592
Tel (404) 815-3500
Fax (404) 815-3509
E-mail:  drichens@sgrlaw.com
         rpowell@sgrlaw.com
*Admitted pro hac vice*

## CERTIFICATION

I, Joseph Semo, counsel for Defendants, do hereby certify that I electronically filed with the Clerk of Court the foregoing Defendants' Reply in Further Support of Their Motion to Dismiss, using the CM/ECF system, which will notify all parties below.

Stephen A. Weitzman, Esq.
4950 Ready Brook Lane
Columbia, MD 21044

This 22nd day of January, 2008.

                                                           /s/ Joseph Semo
                                                           Joseph Semo